Hitchcock, C. J.
This scire facias is prosecuted pursuant to the second section of the act of February 23, 1816, “ pointing out the manner in which suits may be prosecuted, on the bonds of executors, administrators and officers.” Swan’s Stat. 162.
The first section of the act authorizes any person who shall be injured by the misconduct of an officer, within the state, to institute a suit in the name of the obligee of the official bond of such officer, for the use of the person injured, against the officer and his securities, and to recover judgment for the amount of the bond; upon which judgment an execution may be issued for such sum as will indemnify the person so suing.
In the second section it is provided, “ that it shall be lawful for any other person, injured as aforesaid, to proceed by scire facias; provided that the plaintiff shall always set forth, the breaches, on which he may intend relying to support his suit; and provided, also, nothing in this act shall be so construed as to prohibit such executor, administrator or officer, and his securities, from pleading any matter which may be pertinent to their defense.”
A question has been discussed by counsel in thi3 case as to the character of the writ of scire facias, whether it is to be considered as an original action, or merely a judicial writ for the continuation of an action already commenced. It seems to me that, so far as the present case is concerned, this is not a question of much importance. There are cases provided for in our statutes, in which a writ of scire facias has the same effect as an original writ. The scire facias referred to in the before recited statute is somewhat of this character. The breaches must be assigned in the same manner, and with as much particularity, *236 as if it was an original action upon the bond. And the right is secured to the defendants to plead any matter which is pertinent to their defense. I do not suppose that the defendants could in this proceeding put in issue the execution of the bond. This question is settled by the judgment in the original case. But any other pertinent matter which was not, and could not have been put in issue in that case, and which is matter of defense, may be pleaded by the defendants.
The defendants were the securities of Charles F. Alden, former sheriff of Morgan county, upon his official bond, and at the November term of the supreme court, 1843, judgment was recovered against them as such securities, in an action in the name of the State of Ohio, the obligee in the bond, for the use of Nathaniel Haines.
This scire facias is prosecuted for the purpose, on the part of the Mount Pleasant Bank, of having execution against the defendants upon the judgment so as aforesaid rendered. It is stated in the scire facias that at the June term, 1839, of the court of common pleas for Belmont county, the Mount Pleasant Bank recovered judgment against Benjamin J. Buckman for $1851.48. That a scire facias was issued upon the judgment, directed to the sheriff of Morgan oounty; Charles F. Alden, then being sheriff of Morgan county, received the writ, and in due time levied upon a large stock of merchandise, and according to his return, the property levied upon was offered for sale, but not sold for want of bidders. Alden continued to be sheriff of Morgan county until the winter of 1840, or spring of. 1841, during which period various writs of execution were issued upon this judgment, and placed in his hands. No sale was effected, and each execution was returned that no sale had been made for want of bidders. Sometime in the winter of 1840-41, Alden absconded, and William Parish was, by the court of common pleas, appointed sheriff, to fill out the unexpired term of Alden. On the 7th of April, 1841, a writ of pluries vendi was placed in his hands, upon which he made return that the property levied upon could not be found.
*237 The breaches assigned in the case are that the sheriff’s return as to the property levied upon, was false. That his returns upon the subsequent writs were false, and that he permitted the property to be squandered.
It -vyill be seen that there is no breach alleged, that Alden, the sheriff, had received any money for the use of the bank upon these executions, or otherwise, which he neglected to pay over, but the charge is that he had been guilty of a misfeasance in office in making a false return, etc. And the question presented to the court is, as to what part of the statute of limitations is applicable to a case of this character.
This case, so far as this question is concerned, may be treated precisely as if it were an original action upon the bond. Taking this view of it, counsel for plaintiff contend that it can only be barred after the lapse of fifteen years from the time the cause of action accrued, that being the time limited by the statute, in “ actions upon the case, covenant and debt, founded upon a specialty, or any agreement, contract or promise, in-writing.” But we can hardly carry out the intention of the legislature by looking alone at the form of action, especially where, as in the present case, the action is not sustained by the introduction of the instrument declared upon. The gist of the action here is, not the bond, but the false return charged against the sheriff; and that false return, if established by proof, would entitle the plaintiff to recover, if he could recover any thing, an amount equal to the damages by him actually sustained.
The same statute, however, enacts that' “ actions against officers for nonfeasance or malfeasance in office,” shall be commenced within one year from the time the cause of action accrued. This clause in the statute is general, and does not apply to any form of action. Taking it in its connection, it is as follows : “Actions of trespass for any injury done to the person; actions of slander for words spoken, or for libel; actions for malicious prosecutions, and for false imprisonment; actions against officers for nonfeasance and misfeasance in office, and actions of debt qui tarn, within one year.”
*238 Now, under this part of the statute, had the plaintiff in this case brought suit against Alden for the false return, it must have been brought within one year after the cause of action ao* crued. Suppose the case had been against him, and him alone, upon the bond, and the only breach assigned had been, as in the case now before us, a false return, or any other malfeasance or misfeasance in office, must not that action have been brought within one year ? The actual cause of action is not the execution of the bond: that is more in the nature of a collateral security ; but the cause of action is the misfeasance, the false return. Without proof of the false return, there could be no recovery. The action is, in effect, although not so in form, an action against an officer for misfeasance in office. So far as actions of this character are concerned, the limitation acts upon the cause, not the form of action. And the effect of the statute cannot be evaded by any change of the form of action.,
If I am correct in these views, then it follows that had Alden alone been sued upon this bond, and the breach assigned as it now is, he might have availed himself of the one year limitation provided in the statute. And surely his securities are in no worse situation than he himself would have been. If he could escape liability, they certainly can.
This question has never before been presented to this court sitting in bank. But one involving the same principle was presented to the court in Morgan county, in 1846. It was the case of the State of Ohio v. Fouts et al., and is reported in the Western Law Journal, vol. 4, 166.
The action was upon a sheriff’s bond, dated in 1833, and the breach alleged was, that the sheriff, having in his hands an execution against Stone, in favor of B. & S.,for whose use the suit was brought, levied upon certain personal chattels, which he left in Stone’s possession, by means whereof they were lost and squandered, and the debt of the creditors thereby lost.
The defendants pleaded the statute of limitations of one year; to which plea the plaintiff demurred. In the court of common pleas the demurrer was overruled, and judgment en *239 tered for the defendants. This judgment was affirmed in the supreme court.
This decision was made, it is true, but by two members of the court, and is not, therefore, authoritative. But we have examined that case, and are unanimous in the opinion that it was correctly decided.
The only difference between that case and the one under consideration is, that was upon the bond and under the first section of the aforesaid act regulating this class of actions, and this is a scire facias under the second section of the same act. But this, in reality, does not vary the case, because the defendants in scire facias are allowed, by the law itself, to plead “ any matter which may be pertinent to their defense.”
The opinion herein expressed is strongly corroborated in the case of Daws v. Shed, 16 Mass. 6. That was a suit upon a bond given in 1797 by Shed, as security for Bacon, conditioned for the due administration of an estate. In 1816 a judgment was recovered against the administrator, upon which execution was issued and returned unsatisfied. The security set up as a defense that no suit had been commenced against the administrator within four years, as is required by the laws of Massachusetts, and the court sustained the defense.
If within one year after the cause of action accrued, the Mount Pleasant Bank had commenced suit against Alden, and in the termination of that suit had recovered judgment against him for this false return, then indeed the securities might have been holden upon the bond. Or if an action' had been commenced upon the bond within one year after the cause of action accrued, they might have been liable. But, as it seems to the court, the first plea of the defendants, that the cause of action set forth in the breaches assigned in the scire facias, did not accrue within one year, is a bar to the plaintiff’s action. The demurrer to that plea is therefore overruled.
This decision disposes of the case, and renders it unnecessary for the court to pass upon the other pleas filed. But as the question is argued by counsel, whether the statute should *240 commence running, at the recovery of the judgment by Haines, or the time the cause of action actually accrued, it is proper to say that this question does not necessarily arise. The proper mode of presenting this question would have been for the plaintiff to have replied, setting forth the time that Haines actually commenced suit upon the bond, and that by the commencement of that suit his right of action was suspended. As the record now appears before the court, there is nothing from which we can ascertain whether the plaintiff’s cause of action was or was not barred before Haines instituted proceedings upon the bond. If a case should ever be .presented, where it should appear that another action was pending upon the bond at the time of the malfeasance or nonfeasance complained of, it might be a grave question whether a person injured by such malfeasance or misfeasance should not have one year after the determination of the original suit, within which to sue out his scire facias. But it will be soon enough to determine that question when it becomes necessary for the final disposition of a case.

Judgment will he entered for the defendant.