## HARRIET M. BAILEY *vs.* CHARLES T. BAILEY.

*Fraudulent conveyance to defeat claim for alimony.*

A conveyance of real estate by a husband, though made before a libel for divorce had been filed, and for a full and valuable consideration, is void as between the husband and wife, if made expressly to prevent her from recovering such alimony as the court might decree to her in case a petition for divorce should be filed.

If, after divorce granted, the husband obtains a reconveyance to himself of real estate thus previously conveyed, a decree of court made before such reconveyance, allowing the use of it to the wife as alimony, will enable her to hold it as against any subsequent conveyance made by him without any consideration therefor.

Forcible entry and detainer lies against an agent, if guilty, as well as against his principal.

ON EXCEPTIONS.

This was an action of forcible entry and detainer, which was originally commenced before the municipal court for the city of Bath.   The defendant appeared and filed a brief statement, alleging title to the premises described in the plaintiff's writ in one Urana F. Bailey, the present wife of the defendant, whereupon the case was transferred to this court according to the statute. The writ was dated May 21, 1872.

It appeared in evidence that on the 11th day of March, 1867, the defendant conveyed the premises described in the plaintiff's writ, by deed of that date, to his father, James Bailey, who on the 23d day of June, 1868, reconveyed, by his deed thereof, the same premises back to said Charles T. Bailey; that on the 26th day of October, 1871, the said Charles T. Bailey conveyed by deed the same premises to Phineas P. Jackson, who on the 31st day of October aforesaid executed and delivered his deed of the same premises to said Urana F. Bailey, the defendant's present wife, who now claims to own said premises by that title.   Nothing was paid for the premises by either Jackson or the said Urana F. Bailey.

The plaintiff claimed possession of said premises under a decree of divorce from the said Charles T. Bailey, her former husband, wherein it was decreed by this court, at the April term, 1868, among other things, that the said Harriet M. Bailey should have the use, income, control, and occupancy of said premises, without hinderance or interruption by the defendant.

The defendant claimed that he did not own or have any legal interest in the premises at the time of said decree; but the plaintiff alleged, and there was evidence tending to prove, that the conveyance from Charles T. Bailey to said James Bailey was fraudulent, because made in anticipation of such a decree; and the plaintiff requested the court to instruct the jury that if the estate was conveyed to James Bailey to prevent the plaintiff from enforcing such decree for alimony or other aid as might be awarded to her by the court, in case she should prefer a libel against

him, such conveyance was fraudulent and void as between her and the defendant.

The court gave this instruction, and added that if it was void then the husband would continue to be regarded as the owner at the time of the decree, so far as the plaintiff's claim was concerned, and the decree of the court would attach and become an incumbrance upon the estate, and would not be shaken off by the subsequent conveyance to Jackson.

It was also in evidence that at the time of the entry the said Urana F. Bailey gave the key of the house to her husband, the defendant, and instructed him to enter the premises, and the defendant claimed to have acted under his wife.

The court instructed the jury that the fact that he claimed to act under the authority of his wife would be no defense. The defendant excepted to these instructions, the verdict being against him.

*W. Gilbert*, for the plaintiff.

*J. D. Simmons*, for the defendant.


PETERS, J. The defendant and plaintiff were formerly husband and wife. The plaintiff obtained a divorce from her husband, and the possession and use of the real estate in question was, by a decree of court granting the divorce, set out and assigned to her as alimony. Prior to her petition for divorce the defendant conveyed the premises to his father, and since the divorce the father conveyed the same back to the defendant, who afterwards conveyed them to one Phineas P. Jackson, who then conveyed them to the present wife of the defendant, he having married again since the divorce was granted.

The judge at *nisi prius* ruled that, if the estate was conveyed to James Bailey, the father, to prevent the plaintiff from enforcing such decree of alimony or other aid as might be awarded her, in case she should prefer a libel against him, such conveyance was fraudulent and void as between the plaintiff and the defendant.

The defendant contends that a person in the situation of the plaintiff could not be regarded as a creditor, so as to come within the Statutes of Elizabeth relating to fraudulent conveyances. But the Stat. of 13 Eliz., c. 5, was passed "for the avoiding and abolishing of feigned, covinous, and fraudulent feoffments, gifts, grants, alienations, conveyances, bonds, suits, judgments, and executions, devised and contrived of malice, fraud, covin, collusion, or guile, to the end, purpose, and intent to delay, hinder, or defraud creditors, and others, of their just and lawful actions, suits, debts, accounts, damages, penalties, forfeitures, heriots, mortuaries, and reliefs." In *Livermore* v. *Boutelle*, 11 Gray, 217, in a case similar to the present, the court say, "If she was not a creditor, she was of the others whose just and lawful actions, suits, and reliefs would be delayed, hindered, or defeated by such conveyance."

As in the case at bar it does not appear that the cause of divorce existed before the conveyance by .the defendant to his father, and as it does not appear but that the father paid a full and adequate consideration for the premises conveyed, the plaintiff would be in a no more favorable position than that of a subsequent and not an existing creditor; and this presents the question whether a conveyance, though for a full and adequate consideration, may or not, if made for fraudulent purposes, be void as to creditors who become such subsequent to the date of such conveyance. While it has been in a general way stated in cases in this State, as in *Howe* v. *Ward*, 4 Maine, 196, and *Clark* v. *French*, 23 Maine, 221, that a conveyance for a valuable and adequate consideration, if fraudulent, may be avoided by creditors who were such at the time of conveyance, but not by subsequent creditors, the doctrine thus stated had relation to the class of cases where the fraudulent intent was of a general character only, and would have no application where by means of such a conveyance a fraud was particularly and expressly meditated against a subsequent creditor. While, if nothing appeared to the contrary, such a conveyance, if made with bad faith, would be presumed to be

aimed only at present and existing creditors, still where it affirmatively appears to be aimed at a person with an expectation that he may become a creditor, the Statutes of Elizabeth can be invoked by such person for his protection so as to render the transaction void. *Hall* v. *Sands*, 52 Maine, 355; 11 Gray, *ubi supra.* See R. S., c. 126, § 3, which has a significant application in this connection.

It is easy to conceive of cases—and this case is a clear illustration of it—where a person in making a conveyance would have a particular design to injure a subsequent creditor only, and have no motive or intent to injure or defraud any one else.

Inasmuch as the conveyance was void as far as the defendant was concerned, it became immaterial whether his first grantee participated in the fraudulent intent or not, for when the premises were purchased back by the defendant there was no party left but himself to contend for their possession against the plaintiff, and as seen from the foregoing he was in no position to do so.

It is suggested, inasmuch as James Bailey, the grantee, received the conveyance without a participation upon his part in any fraud, that he would be legally authorized to pass a valid title of the premises to any other person; and that he might be deprived in some degree of the value of such premises if he was not permitted to convey such a title to the defendant himself. The answer is, that James Bailey could convey such a title to the defendant, but that the defendant receiving it would be estopped from holding the premises in any other way than for the benefit of the plaintiff, so far as her claim was concerned. The defendant not only could, but very properly should, be allowed to purchase back the premises. He would thus rescind the conveyance first made and purge the fraud he had thereby committed. The conveyance afterwards, without consideration, could have no effect against a previous decree of the court. The defendant, although in a condition to purchase and receive, is not able to retain, any more than would a grantee of premises, who, before receiving title, had conveyed by a warranty deed. In the one case the title

would go where the grantee covenants he had placed it, and in the other where it is ascertained to belong by the solemn decree of a judicial tribunal. It does not follow that James Bailey's right to the premises is lessened in the least degree, because, upon reconveyance to the defendant, the grantee cannot hold the title for his own benefit, any more than such a result would follow because a person could not purchase the land of him for his own use, for the reason that his insolvent condition and consequently his liability to the suits and attachments of creditors might render it impracticable to do so.

This process could as well be maintained against the defendant, who was acting as agent of his wife, as against her, if he was guilty of a wrongful and forcible entry or detainer, either or both. *Woodman* v. *Ranger*, 30 Maine, 180. And if he justifies his possession under a third person, the burden is on him to prove such third person's title. *Hogan* v. *Harley*, 8 Allen, 525.

*Exceptions overruled.*

APPLETON, C. J.; CUTTING, DICKERSON, DANFORTH, and VIRGIN, JJ., concurred.