Boynton, J.
It is not deemed necessary in the present' case, in view of the conclusion reached by the court upon the facts, to decide whether a gift by the intestate, during-his lifetime, to his children of all his personal estate, being-possessed of none other, with intent to defeat the statutory allowance to which the widow is entitled after his decease, where there are assets to be administered, would be void as against her or not. It appears from the special finding that an allowance of alimony, to be paid in semi-annual installments, had been provided for Mrs. Lockwood, to-continue, not merely during coverture, but during life, without reference to whether she survived her husband or not, and that the sum thus decreed to be paid was secured, by the deceased while living and before the final division of the residue of his property among his children. It' further appears from the finding that there was no-evidence of fraud on the part of the intestate in giving-nor of said William or Charles in receiving the property divided to them, unless it arose as matter of law from the want of other consideration than natural love and affection and the relations then existing between the-intestate and his wife. We do not think these facts give-rise to the implication contended for. To determine-whether or not the gift was fraudulent, we must keep in view the circumstances in which the parties were placed at the time the gift was perfected by the delivery of the notes to the children of the deceased among whom they were divided. In the action for divorce and alimony, the disposition first made of the $2,000, remaining after providing for the support of the deceased during life, was set aside by the court as in fraud of the rights of the wife to maintenance and support, and a provision, deemed reasonable; *7 and just in amount, was made and secured to the wife for her support, not merely during the existence of the marriage relation, but during the period of her natural life. And of this provision, notwithstanding the decease of her husband, she is now in the complete and undisturbed enjoyment.
Where alimony is decreed to a wife, not in gross, but in installments, to be paid at stated times, the decree should limit her right to receive the same to the period of coverture, where it is not to terminate before that relation ceases.
The estate of the husband can not, properly, in a proceeding for alimony, be charged or incumbered with the support of the wife to continue after his decease. If this could be done, the settlement of estates would not only be indefinitely prolonged, but funds rightfully belonging to the assets to be administered, would be diverted and employed to make provision for such support. Th§ legal obligation of the husband to furnish support to the -wife ceases upon the termination of the marriage relation. Dunlop v. Johnston, 1 Law Rep. H. L. 109; 1 Bish. on Mar. and Div. § 58. The rights that accrue to her after the decease of the husband, in virtue of the relation terminated by his death, are created by the statute. If he dies leaving an estate to be administered, she is entitled tó an allowance for a year’s support for herself and minor children under fifteen years of age, to be paid after the funeral expenses, those of the last sickness, and of administration are provided for. If there are no assets to be administered, the statutory right to the allowance is of no avail. No complaint, however, appears to have been made, that the obligation to pay the alimony decreed was to com tinue during the life of Mrs. Lockwood. And the same having, been provided for by the deceased, he may well have supposed that her claims upon him were satisfied,.and that he was at' liberty to dispose of the remainder of his property-in such manner as he saw fit; and, hence, after providing *8 for his' own support during life, the terms of which provision the court approved as reasonable and proper, and after securing the payment of the sum decreed the wife, there remained about $1,500, which he divided among his children. This is the alleged wrongful act complained of.
In order to defeat or avoid the gift thus executed, two facts must appear; First, That the same was made to defraud the creditors of the donor; and, Secondly, That Mrs. Lockwood was a creditor in respect to the right to a year’s support, after his decease: .
1. It appears, distinctly, from the special finding, that at the time the division was made among the children, the deceased was entirely out of debt. Such being the fact, the case is distinguishable from Allen v. Allen’s Adm’r, 18 Ohio St. 234, in several respects: (1.) In that case there were existing creditors to be defrauded. (2.) The property conveyed with intent to defraud the creditors of the grantor was real estate, made by statute, when convoyed with such intent (1 S. & C. 589, § 121), expressly liable to be reached and sold by the executor or administrator, the proceeds to be applied to the payment of the debts of the estate; and, (3.) The fraudulent grantee took the title to hold upon a secret trust for the benefit of the grantor.
Here, there were no existing creditors to defraud, the property given was personalty, and the gift was executed by delivery.
2. It is difficult to see upon what principle the wife can be regarded as a creditor of her husband as respects the allowance for her year’s support after his decease. Where there is a creditor there must be a debt and a debtor. But it is not pretended that any obligation or liability arises in respect to such support while the husband is living, nor is it denied, that it is wholly a creature of statute, with no existence or possibility of existence until after the husband dies. It is true, as was said in Allen v. Allen’s Adm’r, that the right to the year’s support is mentioned in the statute as- a debt to be paid out of the assets of the estate, but, *9 -notwithstanding it is a debt against the estate, it is,- in no just sense, a debt against the husband having any existence during his lifetime. Ris death is a necessary condition to its existence, and,where he survives the wife, it has no existence at all.
The case of Livermore v. Boutelle, 11 Gray, 217, cited in ¡argument affects the question but very little.
That was an action brought to set aside a conveyance -made by the husband of the plaintiff to the defendant, with intent to defraud creditors. The conveyance was made after such marital conduct of the husband as laid the -ground for a divorce and alimony to the wife. It was de-nied that the wife, in respect to her claim for alimony, was .a creditor of her husband within the meaning of the statute against fraudulent conveyances. This was the point -presented for adjudication.
The statute of 13 Eliz. c. 5, in force in Massachusetts, ■avoided “All feigned co vino us and fraudulent feoffments, gifts, grants, alienations, conveyances, bonds, suits, judgments, and executions, devised and contrived of malice, -fraud, covin, collusion, or guile, to the end, purpose, or Intent to delay, hinder, or defraud creditors and others of their just and lawful actions, suits, debts, accounts, dam • ages, penalties, forfeitures, heriots, mortuaries, and reliefs.’‘ "The court held, that if she was not a creditor, she was of the others, whose just and lawful actions, suits, and reliefs, •would be delayed, hindered, or defeated by such conveyance. To the same effect is Bailey v. Bailey, 61 Me. 361. -
But the claim for alimony has a different footing from one involving the right to a year’s support from a dece•dent’s estate. It rests on the common-law obligation of the husband to suppoi’t the wife in a manner suitable to his • condition and station in life during the existence of the marriage relation; a fact which distinguishes the above cases from the one at bar, even had the court there held the wife, as respects her claim for alimony, to be a creditor. And this obligation is as binding after the commission, by vthe husband, of a marital offense entitling the wife to a di *10 vorce,as before. In respect to such obligations she may well be held to be a creditor of the husband.
If, in the present case, there had been existing creditors to be affected injuriously by the act of the deceased, in thus dividing his property among his children, aud the administrator had, in consequence thereof, recovered the property or its value, it would have inured to the benefit of all entitled to share in the distribution of the estate, and in the order of priority prescribed by the statute. In such case there would have been a foundation for the action, in the-circumstance that there were creditors entitled to the fund wrongfully parted with ; and the property or its value once-recovered, would be treated as belonging to the estate, to be administered in all respects as intestate property. This is the principle controlling the case of Allen v. Allen’s Adm’r, ubi supra. But if Mrs. Lockwood be treated as a subsequent creditor the result would be the same. "We do-not think it sufficiently appears that the deceased, in giving away his property, intended to defeat the allowance or enjoyment of the wife’s year’s support, nor that the circumstances of the case require or authorize the court to infertile existence of such fraudulent purpose. It follows that the judgment ought to have been the other w'ay.
"We have not felt called upon to discuss or consider the-right of the administrator to maintain an action of the-character of the present.
In Benjamin v. Le Baron’s Adm’r, 15 Ohio, 517, the right of the executor or administrator to maintain an action of trover to recover the value of property sold by the decedent with intent to defraud creditors was denied. It was there' intimated that equity would afford relief where the property was required to pay debts of the estate. But the point as yet has not been authoritatively settled in this state. It is claimed on the one hand that the right of the-executor or administrator to recover the property so sold, or its value, rises no higher than that of the deceased whose-estate is being administered, and on the other, that as the-representative of the creditors, the executor or administrar *11 tor is entitled to maintain the action in all cases where the property is required to satisfy the claims of creditors against whom the fraudulent sale was void. As the disposition made of the present case renders it unnecessary to-decide the question, we express no opinion upon it.
The claim that the court is not authorized to review the-judgment of the district court, because no motion fora rehearing was made in that court, is not well founded. The fourth section of the act to relieve the district courts and to give greater efficiency to the judicial system' of the state (73 Ohio L. 140), confers the right to except'to the opinion of the court in all cases of a motion for a new trial for “the reason that the verdict, or in case the jury be waived, that the finding of the court may be supposed to be against law or evidence,” so that the case may be removed by a petition in error. The finding of_the court, to-review which a motion for a new trial is thus made necessary, is a finding of facts from the evidence. It does not embrace conclusions of law arising upon the facts. Westfall v. Dungan, 14 Ohio St. 276.
Motion granted; judgment of the district court reversed and judgment for the plaintiffs.