J ohnson, J.
The district court erred in holding that the widow, by accepting the provision made for her in the will, thereby became bound to pay all the debts, charges and legacies of said estate. It thus made her personally liable for these obligations imposed upon the property bequeathed to her, even though they exceeded the property she received. It was wholly immaterial whether the assets that came to her possession were sufficient for that purpose or not. As a deduction from this, that court further held that the, executrix was not bound to keep any account of rents and profits of the real estate further than to show that all the debts charges and legacies were paid, and therefore the common pleas erred in allowing any of credits excepted to, and, they might have added, any other credits, for it is held that by accepting under the will she assumed the debts, charges and legacies, even though these assets were insufficient to pay them.
The common pleas also erred in holding that she was not accountable for any part of the rents and profits, though used to pay the debts, costs and legacies for which a credit was allowed. The result of this was to allow the executrix *488 credit for all debts, charges, legacies and taxes, even though paid out of rents and profits of the real estate not used by her for the good of the family. In effect this was to construe the will as a devise of the real estate to her for years with all its rents, issues and profits, free from all liabitities. This conflicts with the terms of the will, which give her this real estate and personal property “ to be used by her for the payment of my (his) debts and the good of the family as she may think best.” The judgment of the common pleas and district court are both erroneous, and must, therefore, be reversed.
As the proper mode of accounting depends on a construction of the will of the testator, and as this case must be remanded for a new trial, we have considered the question presented as to the character of the estate bequeathed to the widow by this residuary clause, and the duties and obligations imposed upon her as executrix. Had no will been made, all the property would have been subject to payment of the debts according to law, the personalty being primarily liable.
The will changes this somewhat. After giving to the wife the north half of the land in fee, and certain legacies in kind to his children when they come of age, those to the boys on condition that they stay at home and labor for the good of the family until that time, he gives to each of his sons in the final settlement of his estate two hundred dollars for their labor from the time they are eighteen until they come of age. Then follows the residuary clause of the will, out of which this controversy grows. It reads as follows:
“ And lastly, as to the rest of my real estate, and also the rest, residue and remainder of my personal estate, goods and chattels, of what kind and nature soever, I give and bequeath unto my said beloved wife, Delila Watts, to be used by her for the payment of my debts and the good of the family as she may think best, until the youngest child becomes of age, the household furniture to belong to my wife exclusively. After my youngest child becomes of age, all the property left and on hand to be equally divided amongst all my children, and finally I appoint my beloved wife sole executrix of this, my last will and testament.”
*489 The “ rest of my real estate,” and “ the rest, residue and remainder of my personal estate,” are bequeathed to his wife, Delila Watts, <: to be used by Tier for the payment of my (his) debts, and the good of the family as she may thinh best, until the youngest child becomes of age, the household furniture to belong to my wife exclusively.” As executrix she assumed the duty of administering this estate, under the will, so far as necessary for the payment of debts, legacies and expenses. As a devisee or legatee she was the owner of the property thus given her to be used for the good of the family until the majority of the youngest child; then, after payment of all debts, legacies and proper charges, what was left and on hand, except the household furniture, was to be equally divided amongst all his children. As the youngest child would not reach majority until May 10, 1874, this was a devise of this real estate for a term of over ten years, to be used as therein directed, By operation of the statute the executrix might first exhaust the personal estate in her hands for the payment of debts, but a discretion was vested in her to use both real and personal estate for such payment, and-for the good of the family. The testator clearly intended to keep his wife and minor children together as a family until the youngest child became of age, for he makes the bequests to his three minor sons conditional upon their remaining at home and laboring for the good of the family. The executrix so understood the will, and acted accordingly. The property included in this residuary bequest to his wife was placed in her hands to be used as she might think best for the payment of his debts and the good of his family. As between it and any property specifically devised it was primarily liable, but as between the real and personal estate embraced in this clause a discretion was vested in her as to the manner she should use it for the purposes expressed.
If, in the execise of the discretion vested in her by the will, the rents issues and profits of this estate for years were used for the good of the family, then she is not chargeable therewith in her accounts as executrix out of which to pay debts, charges and legacies. The same is true of the personal estate that came into her hands, if kept for the use of the family. *490 But this real estate, for the term of years it was placed in. her hands, and the rents and profits derived therefrom, as well as the personalty, exclusive of the household furniture, was charged with the payment of debts, as well as with the support and maintenance of the family, and if these rents and profits or any part of them was in fact used to pay these debts, charges and legacies, or if they were diverted by her to any other use or puipose than the good of the family, they were assets with which she should be charged, she being entitled to credit for all proper disbursements. It would be an abuse of the trust reposed in her by her husband, to allow her credit for the payment of all debts,charges and legacies, and not to charge her with the assets out of which she has paid the same in whole or in part.
This would cast upon the property, after the term for years had expired, all the obligations of the testator, and give the estate for years to the wife free from the debts, though not used by her for the good of the family.
As executrix, she was entitled to credit for all debts, charges and legacies that the estate is liable for, which she has paid, and she is also chargeable with all assets which came to her hands from rents and profits or otherwise, and were actually used by her in payment of the same, or which were by her diverted to other purposes than the good of the family. If the rents and profits of this real estate, which she received, were used by her for the good of the family, they should not be charged to her in this account, for the will vested in her this discretion. If, on the other hand, they were not so used, but were used as assets to pay these debts and legacies, or were diverted to other purposes than the will devoted them to, under such circumstances as amount to waste, or an abuse of her trust, she is accountable.
This does not involve an inquiry into the mode,and manner in which she has administered the trust reposed in her, further than to hold her accountable for an abuse of the trust, charging her with rents and profits actually received and used as assets in the payment of debts, or which she has diverted to other purposes than the good of the family. She is vested with a trust and confidence to be exercised in her discretion. The fee of this real estate, in case of deficiency of personal assets, is liable for *491 these debts and legacies. If, in the exercise of the discretion vested in her, the executrix decided to use the rents and profits of the real and the personal estate, for the good of the family, and for the payment of the debts, instead of converting the same into money for that purpose, then the rents and profits not used by her for the good of the family became assets in her hands so far as necessary to pay debts. The heirs or devisees cannot charge her with the obligations against the estate, by merely showing that she accepted under the will, nor that, by the exercise of greater skill, prudence or economy, she might have kept the family and saved sufficient to pay these obligations. The net rents and profits received by her and not used for the good of the family are to be used in the payment of debts, legacies and charges. They are, for that purpose, assets for which she is accountable. If, in the exercise of her discretion, they have all been used for the good of the family, there is nothing to charge her with in her account as executrix, arising from this source, and the fee of this re'al estate is liable to her for all proper obligations she has paid.
II. In the common pleas, the exceptors offered to show that in her former accounts the executrix had credited herself with the $1,000 allowed for the support of herself and minor children for one year, together with interest thereon. $480, but the court refused to look into the former accounts and rejected this evidence.
It is settled, that the years’ allowance to a widow and minor children, is a debt of the estate (Allen v. Allen, 18 Ohio St. 234; Dorah's Adm'r v. Dorah's Ex'r, 4 Ohio St. 293); and that a widow, electing to take under a will containing provisions for her, expressed to be in lieu of dower and all other claims against the estate, is not barred of her years’ support provided by law out of the estate. Collier v. Collier, 3 Ohio St. 369; Bane v. Wick, 14 Ohio St. 505, 513. As a debt, it has a, preference over all others, except funeral expenses, those of the last sickness, and expenses of administration. 1 & S. C. 581.
This item was therefore a preferred debt, to be paid out of the assets, the same as other debts.
The family, for whose good, as well as for the payment of *492 debts, this devise was made, consisted of the widow and three minor children under fifteen, for whom this years’ allowance was made, and other minor children. This allowance was not for the support of these other minor children. The provisions made in the will were for the whole family.
So far as the executrix, has drawn from the rents and profits of this real estate or the personal property, to support the widow and these minor children under fifteen, during that year, it operates as a reduction of this claim. The amount derived from this source should be charged as so much paid on this debt.
III. As to items of interest excepted to, we have not the data before us to determine whether she is entitled to it or not.
The general rule for charging or allowing interest in the accounts of executors and administrators are applicable. They should be applied in settling this question.
IY. One of the exceptions is to a balance of $2,124.75 due her on the last settlement. This is not an exception to any item in the present account, but rather to the correctness of a former account.
It is quite doubtful whether it' is sufficiently specific as to direct the attention to any item in the former accounts.
The statute, however, provides: “ That when an account is settled in the absence of any person adversely interested, and without actual notice to him, the account may be opened on his filing exceptions to the account at any time within eight months thereafter; and upon every settlement of an account by an executor or administrator, all his former accounts may be so far opened as to correct any mistake or error therein, excepting that any matter in dispute between two parties which lias been previously heard and determined by the court shall not again be brought in question by either of the same parties without leave of the court.” See also Stayner's case, 33 Ohio St. 481.
If, therefore, there was any error or mistake, either in the debit or credit side of the former accounts, not theretofore adjudicated between these parties, it was subject to correction in this account, whether that error or mistake consisted in omit *493 ting proper charges or credits, or in including incorrect charges or credits, or whether made by the court or the executrix.
Judgments.of the district court and of the common pleas reversed, and cause remanded for further proceedings.