### LONGWORTH v. LONGWORTH et al.

(Supreme Court, Appellate Division, Second Department. April 21, 1911.)

HUSBAND AND WIFE (§ 6*)—AVOIDANCE OF HUSBAND'S CONVEYANCE—PLEADING—ESSENTIALS.

 A complaint by a wife to set aside a deed from her husband to his sister is insufficient where it fails to show that the conveyance was made to defeat her support, or that she has taken or intends to take action to enforce her support.

 [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 17; Dec. Dig. § 6.*]

Appeal from Special Term, Nassau County.

Action by Hannah S. Longworth against William H. Longworth and another. From an order refusing judgment on the pleadings, defendants appeal. Modified.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Alfred T. Davison, for appellants.

George Wallace, for respondent.

THOMAS, J. The plaintiff, married to the defendant William H. Longworth in June and abandoned by him on September 22d of 1909, seeks by this action to set aside a deed by him executed to his sister, a defendant, on September 10, 1909, conveying two pieces of land, one of which the defendants, in collusion with the mortgagee, suffered to be sold in default of the payment of a mortgage thereon, principal $1,000, interest $30, and to the net proceeds of which on the sale, $14,146.27, deposited with the county treasurer, the defendant Mary A. Longworth claims title. She does not allege that she has or will bring suit for separation and support, nor does she in the complaint indicate any intention to do so. She simply asks that the title to the land and the proceeds of the piece sold be declared in her husband. For what purpose and to what end does not appear. The complaint is bereft of purpose. It indicates that the husband had large means, and, so far as appears, could respond to his duty for her support. But the degree and manner of her support would depend upon the amount of his property, and he would not be permitted, with intent to defraud her, to alienate his property, for such action on his part, if it did not destroy his entire ability to support her, would diminish the amount of property by which her support would be measured and impair his ability to respond therefor. The pleadings should at least show that the husband by the fraudulent transfer of his property, in which both defendants participated, would, if effectual, deprive the

husband of means to support his wife in a manner conforming to his previous station, and that such was the purpose of the parties respecting it. Moreover, the pleadings should show that the plaintiff had taken action to enforce her support by her husband, or that she intended to do so, and, while such prayer is not indispensable, it would be fitting to ask that the property transferred be appropriated to the wife's support pending determination by the court in proper action brought therefor. If it be that the wife since the action was begun has taken proceedings for divorce, separation with alimony, or if such has already been awarded her, a supplementary complaint may be ordered. While the complaint in its present state is technically defective, it should not be dismissed without opportunity for amendment. The following review of decisions will illustrate that the wife should, in an action brought by her to set aside the conveyance, present to the court something more than a statement that it was made in contemplation of his (the husband's) abandonment, and for the purpose of "putting his property where it could not be reached by any such order of this court as might be intended and made to provide for the support and maintenance of plaintiff out of his estate."

In Holland v. Holland, 121 Mich. 109, 79 N. W. 1102, the complainant, wife, had procured a decree separating her from her husband and for ascertaining what alimony should be paid her, and, as it was necessary to know the extent of the husband's property, a bill was filed to set aside a deed executed by him to his mother, to which his wife's signature was obtained by fraudulent representations. It was found and decreed accordingly that the deed was given in anticipation of divorce proceedings to be instituted by him to avoid payment of alimony therein, and that it was void, inasmuch as it was procured by fraud and was made with "intent to hinder, delay, or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts, or demands, as against the persons so hindered, delayed, or defrauded." The court said:

"It will be noticed that this statute is not limited to creditors, but extends to other persons, and is not limited to debts, but extends to suits, damages, forfeitures, and demands. The cause for which complainant was granted a divorce was one existing prior to December to December 27, 1895, the date of the deed in question. It is my conclusion that when a wife has a cause for divorce, and her husband, to avoid paying alimony, conveys away his property, the conveyance is void under this statute as to her. While not in the strict letter a creditor, she comes within the term 'other persons,' and while not, strictly speaking, delayed in the collection of a debt, she is hindered, delayed, or defrauded out of her demands. Lott v. Kaiser, 61 Tex. 673; Feigley v. Feigley, 7 Md. 537, 61 Am. Dec. 375; Bouslough v. Bouslough, 68 Pa. 495, 500; Tyler v. Tyler, 126 Ill. 525 [21 N. E. 616], 9 Am. St. Rep. 642; 2 Bish. Mar. Div. & Sep. §§ 1103, 1104, and cases cited. This principle controls when the conveyance is made before the divorce proceedings are commenced, but in anticipation of them. Damon v. Damon, 28 Wis. 515; Green v. Adams, 59 Vt. 602 [10 Atl. 742], 59 Am. Rep. 761; Bailey v. Bailey, 61 Me. 361."

It will be observed that the wife had a decree for separate support, for alimony, and that it was necessary to learn what title her husband had in the land for the very purpose of fixing the amount of the alimony, and that the deed was void as to her for fraud. I find nothing substantial in this decision to aid the bare complaint in ques-

tion, as the plaintiff alleges nothing beyond a mere prayer to set a deed aside because given in anticipation of abandonment.

Tyler v. Tyler, 126 Ill. 525, 21 N. E. 616, 9 Am. St. Rep. 642, was an action in equity for the reconveyance of property by a father conveyed to the son to delay, hinder, and defraud the former's wife in the assertion of her right to a separate maintenance. The conveyance was made after separation, a publication by the husband that he would not pay her bills, and in anticipation of proceedings for separation, which were instituted after the conveyance and before the bill for reconveyance was filed. The principle applied merely was that, where a husband conveys his property to defraud his wife in the matter of support, the court will not aid him to recover it. The wife did not interpose, but, had she done so, it would have appeared that she had brought action for separation.

In Scott v. Magloughlin, 133 Ill. 33, 24 N. E. 1030, the bill was filed in equity to foreclose a deed of trust made to defraud a wife and to prevent her from obtaining alimony in pending divorce proceedings, and it was said that "the trust deed, having been made wth this fraudulent design, will not be enforced in a court of equity."

In Chittenden v. Chittenden, 22 Ohio Cir. Ct. R. 498, the husband, for the purpose of defrauding his wife of her support and, as I infer from the opinion, subjecting her dower interest thereto, by fraudulent representations procured her signature to a mortgage covering all his property, executed without consideration, to his relative. The opinion says:

"Can she in a court of equity have this mortgage set aside, so far as her rights are concerned, and her claim as a wife, if she has any, made superior to the mortgage?"

The proof was that the husband by fraud procured her signature to the mortgage, and thereupon abandoned her, and that she thereafter instituted an action for separation and alimony; and the court held that the transaction was such fraud that she by virtue of her right for her support and maintenance was his creditor, and could assert her claim in the action brought to cut them off. The opinion states:

"We find that this was a fraud upon the rights of the wife, and that her right to support and alimony is of such a character that she may assert her claim as a creditor in this action."

It was necessary that she should assert her right then or never.

In De Ruiter v. De Ruiter, 28 Ind. App. 9, 62 N. E. 100, 91 Am. St. Rep. 107, the action was to procure a decree of divorce and secure alimony in favor of appellee, and also to set aside such conveyance as fraudulent. The court found that the wife was entitled to a decree for divorce and alimony, to subject the land sold to the payment of alimony, and it was considered that it was necessary to aver that the husband at the time of the conveyance was insolvent, and that it was shown that at the time of the conveyance he had not sufficient property to satisfy the wife's claim. This case shows also execution of conveyances by the wife procured by fraud. It was decided that the wife was a continuous creditor, and as such entitled to attack the conveyance.

In Feigley v. Feigley, 7 Md. 537, 61 Am. Dec. 375, a wife filed a bill for a divorce a vinculo for abandonment and desertion and non-support and for an award for support for herself and children, and for injunction restraining defendant from transferring his property. An amended or supplemental bill reiterated the allegations of abandonment and desertion, and charges that to oppress and deprive her of all hope of provision out of his property the husband, confederating with his sister for that purpose, at a date subsequent to the filing of the original bill, for an inadequate consideration made a fictitious conveyance to her, to save the same for his benefit, of all his interest in the estate of his deceased father. The decree, so far as it annulled the deed, was reversed on grounds not here pertinent, but the court in the opinion stated:

"The first objection taken by the defendant to this bill is that there does not subsist such a relation between a husband and wife as would entitle the latter to assail her husband's conveyances upon the ground of fraud as might be done in the case of an ordinary creditor at common law, or under the statute of Elizabeth, who finds himself hindered, delayed, or defrauded by means of such a conveyance. In other words, does the wife stand in relation to her husband in reference to her claim upon him for support, or for alimony, in the same attitude that a creditor stands towards his debtor? We think, to a certain extent, she does. The language of the statute of Elizabeth is surely broad enough to embrace such a case. It provides 'that all and every grant, * * * for the intent or purpose to delay, hinder and defraud creditors, and others, of their just and lawful actions, * * * shall be void,' etc. The statute seems to design to embrace others than those who are strictly and technically creditors; and if under such a comprehensive clause, as 'creditors and others,' a wife, who has been made the victim of her husband's fraud, is not to be included, we are at a loss to ascertain to whom else it was designed to relate. We do not wish to be understood as carrying this doctrine to an extent which would impose any restraint upon the husband in the free and unlimited exercise of his right to alienate his property at will, even though in the exercise of this right he strips himself of all means of supporting or maintaining his wife, provided he does so bona fide, and with no design of defrauding her of her just claims upon him and his estate; the fraudulent intent in all such cases being the true test of the validity of the transaction. Ricketts v. Ricketts, 4 Gill, 105."

The distinction between the bill and the one at bar is evident.

In Lott v. Kaiser, 61 Tex. 665, there was an attempt to avoid a present conveyance by a father to children made with intent to avoid the claims of his wife in a suit for divorce and alimony pending when the deed was made. The wife did not attack the deed. In the opinion it is said:

"It seems to be well settled that, pending a divorce suit, a wife asserting a just claim for alimony is within the meaning of statutes prohibiting fraudulent conveyances to be deemed a creditor."

In Bouslough v. Bouslough, 68 Pa. 495, the wife in 1865 obtained a decree of divorce with alimony, and brought action to reach an interest in his father's estate which the husband had transferred to his brother. The opinion states:

"There is no reason why a wife whose husband has deserted her, and refused to perform the duty of maintenance, or who by cruel treatment has compelled her to leave his house, and commence proceedings for divorce and maintenance, should not be viewed as a quasi creditor in relation to the alimony which the law awards to her. So long as she is receiving maintenance,

and is under his wing as it were, she is bound by his acts as to his personal estate; but, when she is compelled to become a suitor for her rights, her relation becomes adverse, and that of a creditor in fact, and she is not to be balked of her dues by his fraud. But it is argued that this cannot exist until a decree be made for the alimony. But why is her case before the decree not as much within the spirit and intent of St. 13 Eliz. as that of a subsequent creditor who was intended to be affected by a deed made before his debt was contracted, but in view of it? It is not doubted that a voluntary conveyance made in contemplation of future debts to be contracted, and with a view to defeat them, is within the spirit of that statute, though not within its letter. Thompson v. Dougherty, 12 Serg. & R. 448; Snyder v. Christ, 39 Pa. 506; Ammon's Appeal, 63 Pa. 284. Indeed, her right stands on higher ground; for the duty of maintenance existed before he made his assignment. The latter was made in 1861, while the proceeding for the divorce was commenced in 1860. We are of opinion, therefore, that the assignment by Jacob H. Bouslough to Philip Bouslough of all his interest in his father's estate made, as the jury have found, with intent to defeat the plaintiff of her claim for alimony, falls within the spirit and intent of St. 13 Eliz., and is avoided by it. That alimony in its nature falls clearly within the class of subjects provided for in the statute may be seen by a reference to Heath v. Paige, 63. Pa. 108 [3 Am. Rep. 533]."

In Damon v. Damon, 28 Wis. 510, the wife brought the action for divorce and asked for alimony, and charged that the husband caused certain lands purchased by his earnings to be conveyed to a person, made a defendant, for the purpose of defrauding plaintiff and to prevent her recovering from the husband support for herself and children, alimony, and suit money. It was decided that the action could be maintained in the form presented.

In Green v. Adams, 59 Vt. 602, 10 Atl. 742, 59 Am. Rep. 761, a wife obtained a decree for divorce, which awarded her as alimony all the funds placed in the hands of a person as trustee for certain purposes, among others for the support of his wife, so long as she remained such. The question of title to the fund came up between the wife under her decree and her husband's judgment creditor. The court decided that the "conveyance was made expressly to defeat her right to alimony, and was to take effect against her on her obtaining a divorce." It was decided that the conveyance was void as to the wife, falling under the statute against "fraudulent and deceitful conveyances," etc. Section 4155, R. L. The opinion states:

"The decree of alimony to the defendant, Hattie V. Adams, by the County Court, included all the funds and property remaining in the hands of the orator in whatever form the same might be. This decree avoided the whole conveyance, and passed the title of the fund remaining in the hands of the orator and the two uncollected notes against L. W. Seaver to said Hattie, and she is entitled to hold the same against the defendant George W. Folsom and the other defendant. She would also hold the money in the hands of the orator even if Folsom's claim was within the statute; for the decree, and the notification thereof to the orator, established and perfected her right to it before the service of the trustee writ."

In Bailey v. Bailey, 61 Me. 361, the wife obtained a divorce from her husband, and the possession and use of real estate was assigned to her as alimony, and it was decided in an action involving such real estate that its conveyance was fraudulent and void, as it was made "to prevent the plaintiff from enforcing such decree of alimony or other aid as might be awarded her."

The order should be modified by directing that the complaint be dismissed, with leave to the plaintiff to serve an amended or supplementary complaint, or both, within twenty days after the entry of the order herein, without costs. All concur, BURR, J., in separate memorandum.

BURR, J. I concur in the result. I do not wish to seem, even by implication, to determine in advance what would be a good complaint.