(157 App. Div. 377.)

### LONGWORTH v. LONGWORTH et al.

(Supreme Court, Appellate Division, Second Department. May 29, 1913.)

DIVORCE (§ 276*)—ALIMONY—DEED IN FRAUD OF WIFE.

 A verified petition of a husband, while in jail for nonpayment of alimony, alleging that he is without property, is insufficient evidence of insolvency to show fraud, so as to authorize a decree in an independent action by the wife setting aside a deed as in fraud of the wife.

 [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 749, 752, 753; Dec. Dig. § 276.*]

Appeal from Special Term, Nassau County.

Action by Hannah S. Longworth against William H. Longworth and Mary A. Longworth. From a judgment for plaintiff, defendant Mary A. Longworth appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Alfred T. Davison, of Brooklyn (Clarence E. Thornall, of New York City, on the brief), for appellant.

George Wallace, of Jamaica, for respondent.

THOMAS, J. Upon the former appeal there was presented a complaint which was, as then stated, bereft of purpose. Longworth v. Longworth, 144 App. Div. 187, 128 N. Y. Supp. 1064. This court considered remedies adopted in other jurisdictions upon similar state of facts, and, without deciding whether the action would lie for any purpose, gave the plaintiff the usual opportunity to amend her complaint, and also permitted a supplementary complaint. There was also suggestion that the complaint should proffer certain issues, but it was not determined that it would be sufficient in such form. The com-

plaint was amended, and a supplemental complaint served, and upon trial had there was judgment setting aside the conveyances as fraudulent against the plaintiff.

Upon this appeal the plaintiff answers the charge that her action preceded the judgment of separation and exhaustion of her remedies to enforce it solely by referring to our former decision, as if the question had been there decided, as it was not. The suggestion then made did show an inclination to the conclusion that the rule adopted in other jurisdictions had such sufficient merit to justify the modification of the order. Indeed, there seemed much justice in the consideration that a husband should not be permitted to transfer his property to his sister in fraud of the rights of his wife, and thereby compel the court to fix the alimony at a sum greatly disproportioned to his real property interest. After the judgment of separation was made, the husband submitted to imprisonment, and his sister suffered it, that he might escape the payment of even the insufficient alimony given. But after the decree was rendered it would have been in accord with the usual procedure in this state to reach the property by sequestration and an action, if necessary, by a receiver, and if the discontinuance of this action became necessary the justice of permitting it would appeal strongly to the court.

The practice of enforcing judgments in independent actions brought before their recovery finds no approval in the decisions of this state, and it is thought, in absence of convincing discussion, that it should not be permitted. The present judgment must be reversed in any case for failure of the plaintiff to prove that the grantor was insolvent in September, 1909, when he conveyed his property, or that he was without property after such conveyance. On August 17, 1910, the husband verified a petition that shows that he was then without property, and that on such account he should be liberated from jail. This paper was not admitted against the grantee, and in itself is not sufficient evidence of insolvency at the time of the grant. In such state of the record the question of the grantee's fraud should not be decided.

The judgment should be reversed, and a new trial granted; costs to abide the final award of costs. All concur.