Gorman, J.,
 

 concurring. Tbis matter is of tbe greatest importance to all municipalities and tbe state of Ohio. Since a syllabus setting forth a succinct legal statement bas not been presented, I feel it is my duty to briefly set forth my reasons for concurrence.
 

 I agree with tbe underlying principle that tbe city of Cincinnati bas adopted an inspection ordinance providing for a fee commensurate with tbe cost of inspection, and that since tbe state of Ohio bas not preempted tbis field, tbis ordinance is valid.
 

 Section 6291, General Code, imposes not. only a tax, but a license which is more than “an incidental detail or means of facilitating tbe collection of tbe tax.” Tbe history of tbis legislation will show that originally a bare license fee was charged, and that subsequently an
 
 *470
 
 excise tax, in addition, was imposed for the purpose of maintaining and repairing the roads and highways. See
 
 Saviers
 
 v.
 
 Smith, Secy. of State, supra,
 
 at page 142. The fees collected by the state are therefore properly designated by the Legislature as annual license taxes. .
 

 This license to operate over the highways is not an unconditional and unqualified one. An automobile may be operated only by one having a driver’s license obtained under Section 6296-4, General Code. The Legislature has likewise provided that the.law is violated if an automobile is mechanically defective in certain respects. See Sections 12614 and 12614-3, General Code.
 

 In order to be assured that the laws pertaining to mechanical equipment are observed, the Legislature is not limited in the exercise of its police power to the punishment of infractions of the law, but has the right to require periodical inspections of vehicles. This power of inspection coupled with the charging of a fee for the service has long been an attribute of the police power. See
 
 Cincinnati Gaslight & Coke Co.
 
 v.
 
 State,
 
 18 Ohio St., 237;
 
 Castle
 
 v.
 
 Mason,
 
 91 Ohio St., 296, 110 N. E., 463, Ann. Cas. 1917A, 164.
 

 The state, for example, has a right not only to license a barber but may enforce its sanitary rules as to his shop by periodical inspection. So in this case the state may license a motor vehicle and at the same time require the vehicle to be in mechanical condition to’ operate. This can be done only by an inspection law.
 

 Since the state has not legislated on the subject, a municipality has the right to adopt an inspection ordinance under its power to regulate the use of the streets. See
 
 Prudential Co-Operative Realty Co.
 
 v.
 
 City of Youngstown,
 
 118 Ohio St., 204, 160 N. E., 695;
 
 City of Dayton
 
 v.
 
 Jacobs,
 
 120 Ohio St., 225, 165 N. E., 844.
 

 This power of a municipality to regulate the use of
 
 *471
 
 vehicles upon the streets is' granted not only by Article XVIII, Section 3, of the Ohio Constitution, but it has been expressly conferred by statutory enactment since an amendment in 1902. Section 3632, General Code (96 Ohio Laws, 23). See
 
 Firestone
 
 v.
 
 City of Cambridge,
 
 113 Ohio St., 57, 62, 63, 148 N. E., 470.
 

 The state having the right, in the exercise of its police power, may legislate against defective automobiles on the highway as well as’ defective drivers. To do so it may require, as a condition to the effective use of a license, that there be periodical inspections. The state not having legislated, and the municipality having acted, such action is not in conflict with any statutory or constitutional provision.
 

 While the appellant claims the ordinance may be a burden upon interstate commerce, as a taxpayer he cannot raise such question. All he can present is whether a municipality may expend public funds for inspection stations, and it is heré so determined. Whether the ordinance operates on a few more or few less people is not a pertinent inquiry. However, since a bare fee for a service is. charged, it can well be doubted that such could be a burden on interstate commerce. See
 
 South Carolina State Highway Department
 
 v.
 
 Barnwell Bros.,
 
 301 U. S., —, 82 L. Ed., 569, 58 S. Ct., 510.
 

 It is sufficient for the purpose of this action to hold that the inspection ordinance is not invalid so far as residents of the city of Cincinnati are concerned, and that funds may be expended to erect testing stations so long as the state does not legislate on the same matter.