### PRUITT v. PRUITT.

1. EVIDENCE—DECLARATIONS—DOWER.—In proceedings for admeasurement of dower, the character of the husband's possession cannot be shown by his declarations after seizin.

2. IBID.—PAROL.—AN EXPRESS TRUST cannot be proven by parol.

3. IBID.—RESULTING TRUST.—PAROL evidence to show resulting trust must be clear and convincing—not sufficient here.

4. APPEAL—PROBATE COURT.—Can this Court reverse a finding of fact by probate court and Circuit Court in proceeding for admeasurement of dower?

5. PRACTICE—JURY AND JURY TRIALS.—A CIRCUIT JUDGE upon the trial of an appeal from probate court for admeasurement of dower, when the actual defense raises only an equitable issue, may disregard an order of another Circuit Judge who ordered legal issues set up in pleadings to the jury.

6. JURISDICTION.—HAS PROBATE COURT jurisdiction of the question of rents or damages for withholding dower interest?

7. DOWER—LIMITATION OF ACTIONS.—Action for rents of dower interest is not barred until expiration of six years after death of husband.

Before GARY, J., Union, June, 1899. Modified.

Proceeding for dower in probate court by A. M. Pruitt against Juliett Pruitt. Decree of probate court is as follows:

"Plaintiff commenced this action on December 11th, 1897, to recover for her own life, as her dower therein, one-third of the tract of land in county and State aforesaid, containing 113 acres, more or less, and the rental value thereof. The defendant pleads 'another action pending in bar.' This plea is overruled, it not being made to appear in any way

that another action is pending in any court between the same
parties, or for the same matters, which could possibly in any
way affect defendant.　During the progress of the trial de-
fendant offers in evidence an affidavit of W. Frank Pruitt,
the husband of plaintiff (marked 'Ex. C'), to show that he
never owned the land in which plaintiff claimed dower; this
affidavit was made in a suit to which plaintiff was not a
party, after her inchoate right of dower had attached, after
he had deeded the land to defendant for valuable considera-
tion, and in an effort to set aside his own deed in his own
interest.　I hold that the affidavit is not admissible, under
*Tibbetts* v. *Langley,* 12 S. C., 465.

"Plaintiff, in reply, offered in evidence verified answer
and affidavit of defendant in the case of W. F. Pruitt *v.*
Henry Smith and Juliett Pruitt, concerning this same land
('Ex. D and F'). Defendant objected. This was record evi-
dence, of the weightiest character, in direct reply to defend-
ant's testimony, though cumulative.　I hold this to be good
evidence, and admit it. While admitting it, I do not con-
sider it essential to support the findings and judgment here-
inafter announced, as in my view they are abundantly sup-
ported by other evidence in the case.　It appears that
Thomas Gist deeded the land described in the complaint to
W. Frank Pruitt, the then husband of the plaintiff, in fee
simple, in January, 1869, who went into possession and used
the same for many years, living on it and cultivating it and
improving it.　In 1873, W. Frank Pruitt deeded said land
to the defendant in fee simple for valuable consideration; no
dower has been renounced by plaintiff, and on the 8th of
April, 1892, W. Frank Pruitt died.　This would certainly
entitle plaintiff to her dower.　To avoid this conclusion,
however, defendant interposes two defenses: 1st. That she
paid for the land when the deed was made to W. Frank
Pruitt by Thomas Gist.　She totally fails to make out this
defense, and it would make no difference in the plaintiff's
rights if the father of W. Frank Pruitt had paid the money
for the lands; the law says it was a gift to a son, an only

child—4 Rich. Eq., 322; 6 Rich., 282; 8 A. & E. Enc. Law, 1334.    And the undisputed testimony is that the father subsequently admitted 'that the land was Frank's.'    2d.    That the land was deeded to W. Frank Pruitt under an express agreement "That he was to convey it to defendant whenever she required him so to do.'    The testimony on this point was taken subject to plaintiff's objection; it was entirely parol, and such an agreement with reference to land cannot be proved by parol; therefore, no competent evidence of this defense is before the Court; but even if such evidence was competent, it would not establish this defense; the great weight of the evidence is the other way, the two deeds, the declaration of the deceased father, not considering her own affidavit, her own testimony contradicted by her own witnesses on material matters, as by witnesses for plaintiff. These two as well as all other defenses are overruled, and I hold that the plaintiff is entitled to her dower in the land, but not to rents or rental values, for the reason that she has slept upon her rights, in that she has delayed to bring this action, when there was nothing to prevent it, since the death of her husband in 1892.

"It is, therefore, ordered, adjudged and decreed, that plaintiff is entitled to her dower in said land, and to have one-third thereof in value for life or one-sixth thereof in fee admeasured and set off to her for her said dower.    And it is further adjudged, that a writ for the admeasurement of said dower do issue in accordance with law out of this Court, directed to five commissioners—two to be appointed by plaintiff, two by the defendant, and one by this Court—requiring them to admeasure and set off plaintiff's said dower according to law; and if said dower cannot be done without injustice in said land, then a sum of money be assessed to be paid plaintiff in lieu of her dower interest.    It is further adjudged, that the plaintiff have judgment for costs of this action.    Jason M. Greer, Probate Judge.    (Seal.)    May 20th, 1898."

From said judgment the defendant appealed to the Circuit Court on the following grounds, and also served notice of motion for jury trial in said Court, which follows:

"The probate judge erred: 1. In overruling defendant's plea of another action pending, and in holding that it had not been made to appear in any way that another action is pending in any court between the same parties, or for the same matters, or which could possibly in any way affect defendant. 2. In ruling that 'Ex. C'—an affidavit made by W. F. Pruitt and found in the record of W. F. Pruitt *v.* Henry Smith and Juliett Pruitt, to the effect that he held the title to the land in which plaintiff claims dower, not in his own right or beneficially, but as trustee—was not competent or admissible evidence, and in not considering same. 3. In not holding that said affidavit was admissible in reply to the plaintiff's testimony that her husband's father advised and consented to her husband's purchasing the land from Gist, and that he paid for it; and also to the alleged declarations of W. F. Pruitt and of his father, proved by the witness, Lee; and in not holding that it was competent in any event. 4. In admitting in evidence and in basing his judgment upon the alleged declaration of C. P. Pruitt, testified to by the witness, Lee, that 'it was Franklin's land.' 5. In admitting in evidence the affidavit and verified answer of defendant in the record in the case of W. F. Pruitt *v.* Henry Smith and Juliett Pruitt ('Exs. D and F'), after he had ruled that the affidavit of W. Frank Pruitt, offered by defendant from the same record, was not admissible—the said affidavit and answer of defendant not being in reply to the defendant's evidence, and the defendant not having been interrogated about the same or the statements therein made while on the stand. 6. In holding that Thomas Gist deeded the land described in the complaint to W. Frank Pruitt in fee simple, in January, 1869; that he went into possession and used the same for many years, living on it, cultivating it, and improving it. 7. In holding that, in 1873, the said W. Frank Pruitt deeded said land to the defendant for valuable consideration. 8.

In holding that the testimony offered by the defendant to the effect that the conveyance from Gist to W. Frank Pruitt was made under the express agreement that he (W. Frank Pruitt) should convey said land to defendant whenever she required him to do so, was taken subject to plaintiff's objections, that it was entirely parol, and that such an agreement with reference to land cannot be proved by parol.    9. In holding that no competent evidence was before the Court to sustain the defense that W. Frank Pruitt's holding of the title to said land was not beneficially for himself, but as trustee to convey to defendant.    10. In not considering said testimony after admitting it.    11. In holding that even if the evidence introduced to establish that defense was competent, it would not establish said defense, and in holding that the great weight of the evidence is the other way.    12. In holding and adjudging that plaintiff is entitled to her dower in the land described in the complaint, and to have one-third thereof in value for life or one-sixth thereof in fee admeasured and set off to her for her said dower.    13. In not finding that the purchase money for the land was paid by the defendant and her husband, and that deed was made to W. F. Pruitt by consent of defendant and her husband, and under express agreement that he should convey same to defendant, when required to do so by her.    14. In not holding that plaintiff is not dowable in said land because the beneficial interest therein never vested in W. F. Pruitt.    15. In holding that defendant interposed the defense that she paid for the land, when the deed was made to W. Frank Pruitt by Thomas Gist.    16. In ordering that the writ in dower be issued.    17. In giving plaintiff judgment for the cost of the action.    18. In not admitting and considering the testimony of W. A. Lancaster as to the conversation between said witness and W. F. Pruitt, in which W. F. Pruitt told him that his (W. F. Pruitt's) father had paid for the land, and that he (W. F. Pruitt) held the title as trustee to convey to his mother—same being competent in reply to alleged declarations of W. F. Pruitt and of his father, proved

by plaintiff's witness, M. B. Lee, and in reply to plaintiff's own testimony that her husband bought the land and paid for it, and that his father advised and consented for him to do so, and being competent also to show that W. F. Pruitt held titles to said land as trustee and not beneficially. You will please take notice further that upon the hearing of this appeal in the Circuit Court, we will ask that the issue of defendant's title to said land, and of plaintiff's right to dower therein, be referred to and tried by a jury."

Defendant appeals from Circuit decree.

*Messrs. Hydrick & Sawyer,* for appellant, cite: *Testimony was competent to show that demandant's husband was never seized of a dowable estate:* 2 Bail., 318; 5 Rich., 525; 22 S. C., 451; 25 S. C., 337; 12 Rich. Eq., 214; 112 Pa. St., 168. *As to resulting trust:* 2 Hill Ch., 204; 23 S. C., 257; 1 Bail, 77. *Defendant had right to have issues mentioned in her notice tried by jury:* Con., art. I., sec. 25; Code, 60; 4 S. C., 37; 41 S. C., 195. *Demandant not entitled to have one-sixth admeasured and set off to her as dower:* Rev. Stat., 1917; 33 S. C., 268; 24 S. C., 355.

*Mr. J. Clough Wallace,* contra, cites: *Affidavit incompetent:* 12 S. C., 465. *An express trust cannot be proved by parol:* 52 S. C., 393; *nor deed varied by:* 54 S. C., 344; 24 S. C., 124; 41 S. C., 162. *As to rent:* 16 S. C., 470. *As to presumption of being rebuttable:* 17 S. C., 489.

April 3, 1900. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an action for dower, begun in the probate court in 1897. The probate court decreed in favor of the demandant, and on appeal the Circuit Court affirmed the judgment, and it is now sought to reverse the same. It is undisputed that the plaintiff married W. F. Pruitt in 1863, and that Pruitt died in 1892. The controversy is as to the character of the husband's seizin during

coverture.   It is not disputed that, in 1869, Thomas Gist executed to W. F. Pruitt a deed in terms conveying a fee simple title to the premises, and that Pruitt went into possession thereunder, cultivated and improved the premises.   In 1873, Pruitt executed to the defendant, his mother, a deed in terms conveying a fee simple title to the premises, and in consideration of $350 expressed in the deed.   The plaintiff made no renunciation of dower.   Without other facts than these, it is manifest that plaintiff's husband was seized during coverture of a dowable estate.   The defendant, however, sought to establish that when the deed was executed by Gist to plaintiff's husband, the  purchase money was furnished by defendant and her husband, Cyprian Pruitt, the father of W. F. Pruitt; that the deed by Gist to W. F. Pruitt was made under an agreement that W. F. Pruitt would convey to the defendant whenever she demanded it, and that the conveyance by Pruitt to the defendant was in execution of said trust; thus seeking to show that the seizin of plaintiff's husband was as trustee.   The principal, if not the sole, evidence sought to be introduced to establish this fact was the declarations of plaintiff's husband, made both orally and in writing during coverture, and after the execution of the deed under which he entered possession.   The declaration in writing sought to be used in evidence was an affidavit of W. F. Pruitt, made in 1888, in the suit of W. F. Pruitt *v.* Juliett Pruitt and Henry Smith, in which W. F. Pruitt sought to recover a part of the land described in his deed to his mother, which his mother had sold to Smith, in which affidavit the defendant stated: "That although deponent held the legal title to said land before December, 1873, the land was not in fact his, but was the property of his father, C. P. Pruitt, and deponent held the title in trust for him.   That in 1873 the deponent, at his father's request and for his father's benefit, conveyed said land to his mother, the defendant, Juliett Pruitt, to be held by her upon the same conditions that it had been previously held by deponent, &c."   It was also sought to prove oral declarations by W. F. Pruitt to the wit-

11—57

ness, W. A. Lancaster, tending to corroborate the statements made in the affidavit.

The probate court and the Circuit Court ruled such evidence inadmissible as against plaintiff. In this ruling we concur. While in this State one who holds possession under a deed from the husband of the demandant in dower is not estopped to show that the seizin of the husband was as trustee and, therefore, his estate not dowable—*Whitmire* v. *Wright,* 22 S. C., 451—yet it is settled that such trust cannot be shown by the declarations of the husband, made after legal seizin, so as to affect the wife's dower. *Tibbetts* v. *Langley,* 12 S. C., 465. The case last cited held that recitals in a mortgage deed by the husband after seizin are not admissible to affect the wife's dower in the mortgaged lands, she not being a party to such mortgage. This rests upon the ground that the favored right of dower, which attaches upon the seizin of the husband during coverture, should not be impeached or defeated by subsequent acts or declarations of the husband; for the wife, as to dower, is not in privity with the husband after seizin, and to permit such declarations to defeat the wife's dower would open wide the opportunity to destroy the right. Such acts or declarations of the husband constitute no part of the *res gestae* or transaction under which the legal seizin was acquired.

The main effort of the defendant was to establish an express trust by which plaintiff's husband was to convey the land to defendant whenever she required it. Excluding the written and oral declarations of plaintiff's husband, made after his seizin, there was nothing but parol evidence offered to establish such express trust, and it is well settled that an express trust in land cannot be established by parol. *Rogers* v. *Rogers,* 52 S. C., 393. By the authorities cited in the case above mentioned, it is also held well settled that in order to establish a resulting trust by parol, the evidence should be clear and convincing. The probate court and the Circuit Court

concur in the conclusion that the evidence fails to establish any resulting trust; and if we have the power to reverse such finding in this kind of a case, we see nothing in the evidence to justify us in so doing, as the competent evidence is neither clear nor convincing.

The next matter we notice is whether the Circuit Judge committed error in withdrawing the case from the jury. It appears that defendant, when she appealed from the probate court, gave notice of a motion in the Circuit Court to have the issue of defendant's title and of plaintiff's right to dower tried by a jury. The motion was heard by Judge Klugh at a term previous to the trial, and he ordered that the case be transferred to Calendar 1 for trial of said issues by jury. At a subsequent term the case came on for trial before Judge Gary and a jury. After proceeding some distance with the examination of witnesses *de novo,* Judge Gary withdraw the case from the jury. The defendant by her answer plead: (1) pendency of another action; (2) general denial; (3) that she was owner in fee and that plaintiff had no interest; (4) the statute of limitations; (5) adverse possession. Under the issue of title as thus presented, Judge Klugh ordered the same for trial by jury. But this would not tie the hand of the trial Judge, when the issues as they were presented before him were wholly different. Before Judge Gary, in the proceedings *de novo,* the sole issue presented was whether plaintiff's husband was seized as trustee, notwithstanding his legal title. This defense depended upon the establishment of a trust, an equitable issue, and not an issue of title in the sense of the statute. On appeal from the probate court, the appellant as matter of right can have tried by a jury only such issues as are triable by a jury under sec. 274, Code, viz: (so far as relevant here) an issue of fact in an action for recovery of specific real * * * property. This was an action for the admeasurement of dower in lands, the legal title to which had been in plaintiff's husband during coverture, and was then confessedly in the defendant, who sought to defeat the right of

dower by a purely equitable issue.    Under these circum-
stances, the case was properly withdrawn from the jury.
Having withdrawn the case from the jury, Judge Gary, as
we construe the "Case" before us, proceeded to hear the
appeal upon the record sent up from the probate court.    The
judgment of the Circuit Court was brief and as follows:
"This case coming on to be heard at the June term of the
Court, the plaintiff having made out a fee simple title and
seizin in her husband during coverture, and no defense hav-
ing been established: It is ordered and adjudged, that
defendant's exceptions be overruled and plaintiff's excep-
tions sustained, and that plaintiff recover her dower in the
premises described in the complaint; and that the cause be
remanded to the probate court to admeasure her dower to
plaintiff.    Let this judgment be certified by the clerk of this
Court to the probate court."    The specific rulings of the
Circuit Court may be ascertained by reference to the judg-
ment of the probate court, and the exceptions thereto offi-
cially reported herewith.    In so far as the judgment of the
Circuit Court overrules the exceptions by defendant to the
judgment of the probate court, we affirm it.    We think,
however, in sustaining the seventh and eighth exceptions of
plaintiff to the judgment of the probate court, the Circuit
Court went further than was probably intended.    Sus-
taining these exceptions involved a ruling that the
probate court erred in not adjudging that plaintiff
was entitled to one-third of $100 for each year the defendant
was in possession of the land after the death of plaintiff's
husband, as rental value of said dower interest.    We are not
so sure that a probate court, under its statutory authority to
admeasure dower, has jurisdiction to determine any facts
except such as are necessarily involved in determining the
right to an admeasurement of dower.    The question of rents
and profits or rental value relate to matter of damages for
the withholding of the dower, and not to the question
whether the demandant should have a writ for admeasure-
ments.    This question, however, has not been discussed, and

we prefer not now to make any express ruling thereon. If the probate court had jurisdiction to adjudge damages for the withholding of the dower, it was error in the probate court to deny such rents on the ground that the plaintiff had slept on her rights in not bringing the action sooner, since the action was brought within six years from the death of her husband. But it seems that to adjudge for rents or damages before the return of the commissioners to assess dower would be premature, even if the probate court had power to so adjudge, because the commissioners may not be able to divide the land without manifest disadvantage to one side or the other, and may determine to assess a sum of money based upon the value of the land at the time of alienation by the husband, with interest from the accrual of the right of dower, in which case the interest would be legal compensation for the detention of the dower. As the probate court has made no finding as to the rents and profits or rental value of the premises, and the Circuit Court, although sustaining plaintiff's said exceptions, had remanded the case to the probate court, "to admeasure dower to plaintiff," we will so modify or construe the judgment of the Circuit Court as not to prejudice appellant as to any right she may have in reference to the claim for rents, if such claim is insisted on in the further proceedings in the probate court.

With the foregoing modification, we affirm the judgment of the Circuit Court, and the case is remanded to the probate court for further proceedings, according to law, in the admeasurement of plaintiff's dower in the premises.