## 8112

### OSTEEN v. BULTMAN.

Issues—Equity.—In action to foreclose a lien on a lot for building a party wall, the defendants are not entitled as matter of right to a jury trial, and there is no abuse of discretion in refusing a motion to frame issues noticed before the term but not called up until after jurors were dismissed.

Before Shipp, J., Sumter, July, 1911. Affirmed.

Action by C. P. Osteen and H. G. Osteen against F. A. Bultman and J. H. Cunningham. Defendants appeal.

*Messrs. Lee & Moise* and *John H. Clifton,* for appellant. *Messrs. Lee & Moise* cite: *The order is appealable:* 34 S. C. 169; 65 S. C. 455; 49 S. C. 425. *Respondents are estopped from claiming the effects of lis pendens:* 25 Cyc. 1453; 114 N. C. 151.

*Mr. R. D. Epps,* contra, cites: *Defendants are not entitled to jury trial:* 43 S. C. 187; 53 S. C. 129; 47 S. C. 453;

Code Proc. 274; 37 S. C. 169; 43 S. C. 192; 69 S. C. 186; 66 S. C. 459; 70 S. C. 253. *Was lien created by the deed and subsequent act. of the parties?* 72 S. C. 32; 16 S. C. 384; 14 S. C. 112; 27 Cyc. 982-3. *Judge must construe written instruments:* 66 S. C. 18; 17 S. C. 480; 46 S. C. 221; 59 S. C. 581.

March 1, 1912. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This action was commenced on September 1, 1910, by service of summons and complaint, and *lis pendens* was duly filed. The defendants answered, and subsequently the defendants conveyed the real estate referred to in the complaint by warranty deed, which was duly recorded, and thereafter having been granted an order by his Honor, Judge Shipp, on June 13, 1911, served their supplemental answer, setting up the fact that they had parted with their title to the land described in the complaint. Within ten days after the service of the supplemental answer, defendants served on plaintiffs a notice that they would move the Court on the first day of the ensuing term, immediately after the call of calendar three, to frame issues out of chancery for trial by jury. On July 20, 1911, Judge Shipp, then holding Court in Sumter county, upon the call of the case on the calendar was moved by defendants to transfer the case for trial by jury, the defendants taking the position that the transfer of the title by them had terminated the alleged lien, if any ever existed, and the cause of action remaining consisted only of a money demand. When this motion was made the jury for the term had been discharged and the Court was engaged in hearing matters that did not require a jury. The motion was refused. The defendants then moved, upon notice previously served, to frame issues out of chancery for the jury. This was also refused. From this order defendants appealed, and raise two points to be considered by this Court.

1st. Are defendants entitled to trial by jury of the issues involved in this case as a matter of right?

2d. If defendants are not entitled to· have this case summitted to a jury as a matter of right, are defendants entitled to have issues framed out of chancery to be submitted to a jury in compliance with the notice given in the case?

Judge Shipp, by his order, held that upon the pleadings in the case the defendants were not entitled as a matter of right to a trial by jury, and that they failed to comply with rule 28 of the Circuit Court, and that his order was not. intended to effect the right of any subsequent Judge to refer any issues which he might see fit for the purpose of enlightening his conscience.

We do not think under the pleadings in the cause, that the defendants had the legal right to demand a jury trial, and that the motion to frame issues was addressed to the discretion of the Court, and a refusal by him is not appealable, unless there was an abuse of such discretion. We find no such abuse when his Honor decided that the defendants had waited too long to make the motion and refused the same. *Neal* v. *Suber,* 56 S. C. 303, 33 S. E. 463; *Pruitt* v. *Pruitt,* 57 S. C. 163, 35 S. E. 485.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.