DAMON VS. DAMON, impleaded, etc.

DIVORCE AND ALIMONY : (1) *Joinder of causes of action.* (2) *Joinder of parties defendant.*

1. In a complaint by a wife for divorce, an application for alimony, with an averment of facts to show what amount of alimony should be granted, does not constitute a misjoinder of causes of action; such application being, by our practice, merely an incident to the divorce suit.

2. In such an action, one who knowingly and without consideration took a conveyance of the husband's property, made before the action was commenced, but after the right of action had accrued, for the purpose of defeating a recovery of alimony, may (under R. S. ch. 111) be joined as a defendant, and subjected to such judgment in respect to said property as plaintiff's equities may require.

APPEAL from the Circuit Court for *Dane* County.

The appeal was taken by the defendant *Asenoth A. Damon,* from an order overruling her demurrer to the complaint as not stating a cause of action against said defendant, and for a misjoinder of several causes of action. The character of the complaint will fully appear in the opinion.

*Wm. F. Vilas,* for appellant, argued that the powers of the court in divorce cases, and the methods of pleading and proceedure, are to be determined simply by the statute (*In re Gill,* 20 Wis., 686; *Burtis v. Burtis,* Hopk., 557); that the complaint attempts to assert two causes of action : one for a divorce with an award of alimony, and the other in the nature of a creditor's bill, to obtain the real estate of the appellant in part satisfaction for such alimony; that the former of these affects Calvin A Damon only, while the latter affects the appellant only, since the complaint shows the legal title in her, and that Calvin A. Damon has no claim to the land as against her (*Faesi v. Goetz,* 15 Wis., 231); that these causes of action are improperly joined, because they do not " affect all the parties to the action," nor do they both belong to any one of the classes enumerated

by the statute (R. S., ch. 125, secs. 29, 30; see ch. 111, sec. 15); and that the statute relating to divorce nowhere intimates the possible existence of a third party to the suit, but all its provisions suppose the husband and wife to be the sole contestants (R. S., ch. 111), while the court is supplied with sufficient means of enforcing its orders and decrees, by execution, by process for contempt, by the sequestration of property, by the appointment of a receiver, etc. (R. S., ch. 111, secs. 16, 27; *Basset v. Warner*, 23 Wis., 673). 2. Counsel further argued that no valid cause of action was alleged against the appellant; that under the statute plaintiff could not claim a resulting trust in her favor on the ground that the land in question was partly paid for by the avails of the alleged sale of her property (R. S., ch. 84, sec. 7); that the land could not be claimed under sec. 22, ch. 111, either as a following of the personal estate that may have come to the husband by reason of the marriage — since the complaint does not allege any personal estate to have so come to the husband — or as a following of the avails of her real estate sold, because the statute specially directs that the value in such case shall be "paid by the husband *in money*" (ch. 111, sec. 22); that if the theory of the complaint is that the land was in fact bought by the defendant Calvin A. Damon, and that the conveyance to the appellant may therefore be adjudged fraudulent as to the plaintiff, as if she were a creditor, then plaintiff is not entitled to such relief until she has first obtained a judgment of divorce, and for alimony, and has exhausted the ordinary remedies against the husband directly to enforce payment of the judgment — especially as there is no allegation that the husband is insolvent. 3. Counsel further contended that under sec. 29, ch. 111, R. S., the court has no power, in divorce suits, "to divest any party of their title to or interest in any real estate, further than is *expressly* specified" in said chapter; and that the statute nowhere authorizes the court to take title from a *third party*. *Donovan v. Donovan*, 20 Wis., 586.

*Carpenter & Chase*, for respondent, argued that under the

statutes and practice of this state there can be no question that the demand for alimony is properly made in the action for a divorce; that the title to real estate of the husband may be passed to the divorced wife as a part of the judgment for alimony; that the proper amount and nature of the allowance for alimony could not be determined in this action without determining whether the property of the husband had been fraudulently conveyed to a third party, and whether, if so, the title to the whole or a part of such property should be vested in the plaintiff; and that the defendants had " a common interest centering in the point in issue in the cause," and were properly joined as parties defendant. 18 Wis., 456; 4 Cow., 682; 2 J. J. Marshall, 546; 2 B. Mon., 370; 20 Ala., 599; 32 Miss., 279; 27 id., 630.

LYON, J.—This action was brought by the plaintiff for the purpose of procuring a divorce from her husband, Calvin A. Damon, and the complaint contains averments of fact, which, if true, entitle her to that relief. The complaint also prays that alimony be adjudged to the plaintiff out of the estate of the husband, and contains allegations in support thereof, which, if true, entitle her thereto.

It is further charged in the complaint that, in 1868, the defendant purchased certain lands therein described, situated in the county of Dane, of Ellen H. and William P. Fitzgerald, for $2,100, and paid for the same from the avails of the sale of certain property in the state of Massachusetts belonging to the plaintiff — such avails being $600,— and from his own earnings, "and that no part of the purchase price thereof was paid by the defendant *Asenoth A. Damon.*"

The complaint also contains the following allegations : " That the defendants, fraudulently contriving and combining together to cheat and defraud this plaintiff, and to prevent her recovering of and from the defendant Calvin A. Damon support for herself and children, alimony, suit money, and the avails of the

sale of her property received by him as aforesaid, caused the said Ellen H. Fitzgerald and William P. Fitzgerald to deed the said real estate so purchased and paid for by the defendant Calvin A. Damon, as aforesaid, and hereinbefore described, to the defendant *Asenoth A. Damon*, and the defendant *Asenoth A. Damon*, in pursuance of said fraudulent purpose and design, accepted said deed and caused the same to be recorded on the 25th day of May, 1868, in the office of the register of deeds for Dane county, Wisconsin, in volume 80 of Deeds, on page 338."

" The plaintiff further shows, that the defendant *Asenoth A. Damon* knew the plaintiff and defendant Calvin A. Damon, while they lived together as man and wife in the state of Massachusetts, and before their removal to the state of Wisconsin, and knew the relation that subsisted between them."

" The plaintiff further shows, upon information and belief, that the defendant *Asenoth A. Damon*, prior to the purchase of the property of the said Ellen H. and William P. Fitzgerald by the defendant Calvin A. Damon, as hereinbefore stated, knew that the defendant Calvin A. Damon took the avails of the sale of the plaintiff's property in Massachusetts, as hereinbefore alleged, and that he brought the same to Wisconsin, and at the time of said purchase knew that the same was used in paying the purchase price of the real estate hereinbefore described."

" The plaintiff further shows that the defendant Calvin A. Damon has threatened that if this plaintiff in any way interfered with, or commenced proceedings against him, he would dispose of all his property, leave the country, and never return."

" The plaintiff further shows that she has now no property in her own right, but is entirely dependent for the support of herself and children, and their education, upon her own exertions and the kindness of her friends; that the present value of the property of the defendant Calvin A. Damon, as she is informed and believes, is about thirty-five hundred dollars; that the real estate hereinbefore described, has been much improved since the same was purchased by the defendant Calvin A. Damon, as

before stated, and the same is now worth about three thousand dollars."

The defendant *Asenoth A. Damon* demurred to this complaint, on the grounds, first, that it does not state facts sufficient to constitute a cause of action against her; and, second, that several causes of action have been improperly united therein; and she appeals to this court from an order of the circuit court overruling her demurrer.

Were the husband the sole defendant in this action, it is not claimed that there is any improper joinder of causes of action in the complaint. Although it is, perhaps, not absolutely necessary, in an action for divorce and alimony, to set forth the amount of the husband's property, the particulars of its situation, and the sources from whence it was derived, yet it seems to be the usual practice in this country—though not in England—to do so. In England alimony is made the subject of a special application or petition, separate and distinct from the libel for divorce. But we think that ours is the better practice, in that it accords with the analogies of equity procedure by including in the same bill or complaint all of the allegations of fact upon which it may be necessary for the court to adjudicate for the purpose of a complete determination of all matters involved in the action.

This form of pleading is not a joinder of two distinct causes of action. A claim for alimony is not the subject matter of a separate suit, but is only ancillary to, or an incident of, an action for a divorce. *Rockwell v. Morgan*, 2 Beasley, 119; 2 Bishop on Marriage and Divorce, secs. 350 to 356; *Van Duzer v. Van Duzer*, 6 Paige, 366.

In the latter case a wife filed a bill against her husband and two judgment creditors of the husband, to restrain the latter from selling the husband's interest, as tenant by the courtesy initiate, in her real estate which belonged to her before her marriage; the husband being insolvent and worthless, and neglecting to provide for her and her children, an injunction had

been granted, but the chancellor (WALWORTH) dissolved it, holding that a court of equity had no power "to seize upon property which formerly belonged to the wife, but in which the husband has without fraud obtained a vested legal interest in possession, by virtue of his marital rights; *unless he has forfeited his right by a breach of the marriage contract, so as to entitle the wife to a decree of separation.*"

These authorities would seem to dispose of the objection taken by the demurrer, that several causes of action are improperly united in the complaint.

The remaining question is, whether the complaint states a cause of action against the appellant. Or, stated in another form, the question is, whether, in an action by a wife for a divorce and for alimony, it is competent to join as a defendant therein, a party who knowingly and without consideration took a conveyance of the husband's property before the action was commenced, but after the cause of action accrued, for the fraudulent purpose of defeating a recovery of alimony in such action?

We are of the opinion that this question must be resolved in the affirmative. We do not perceive how, in such cases, the court can fully adjudicate upon and enforce the rights of the wife to alimony, or to a portion of her husband's estate, if she prevails in the action, unless the court has power to bring before it as a party any person who has taken a conveyance from the husband of the very property in question for the purpose of defrauding the wife of her rights. How else can the court compel him to surrender the property thus fraudulently acquired? The learned counsel for the appellant argues, and with much plausibility, that the wife must wait until she obtains her decree of divorce and for alimony, and then she may bring into court the fraudulent grantee of the property out of which her alimony is to be collected, and compel him to disgorge. But why delay until he has an opportunity to dispose of the property and leave the country? It is urged that the power of the court in these divorce cases is limited; that it

cannot exercise full equity powers, but only such as are conferred by the statute; and, inasmuch as the statute does not expressly provide that third parties may be made defendants in divorce suits, that therefore no person can be made a defendant in those actions other than a party to the marriage contract. We do not so understand the statute. We think that when the court is empowered to award alimony to the wife out of the husband's estate; to adjudge to her property, or the value of it, that came to her husband by reason of their marriage; to sequester his personal estate, and the rents and profits of his real estate, to enforce compliance with its judgment; and to divide and distribute the whole estate between the parties— that the power to bring before it as a party defendant in the same action any person who is attempting fraudulently to keep the estate over which the court has such absolute control, away from the jurisdiction of the court and out of the reach of its judgment, must necessarily follow.

It is to be observed in this connection, that the statute provides that this class of actions "shall be conducted in the same manner as other actions in courts; and the court shall have power to award issue, to adjudge costs, and *to enforce its judgments, as in other cases.*" R. S., chap. 111, sec. 15.

In an action for a divorce, the statute gives the court power to divide the estate between the parties. R. S., chap. 111, sec. 29. Under this statute the court may divest the title of the husband to real estate, and vest it in the wife. *Donovan v. Donovan,* 20 Wis., 586. It is perfectly clear that in any other action having for its object the transfer of property from a defendant to the plaintiff, a person who holds the title to such property fraudulently, against the plantiff, is a proper party thereto. This is necessary to enable the court to enforce its judgment, if it adjudges a transfer of the property to the plaintiff. It seems to follow that in this case the appellant is a proper party to the action, to enable the court to "enforce its judgment as in other cases," should it adjudge a transfer to the

plaintiff of the property which the complaint alleges she holds in fraud of the rights of the plaintiff.

So far as we are advised, it has been the universal practice in this state, to bring in third persons as parties in actions for divorce and alimony, where it was necessary to do so in order to settle completely the rights of the parties in the estate of the husband; and the cases are quite numerous in which the same practice has been adopted and judicially sanctioned in other states under statutes similar to ours. See 2 Bishop on Marriage and Divorce, sec. 299, and cases cited; also *Brooks vs. Caughran*, 3 Head, 464; and *Questel vs. Questel*, Wright (O.), 492. We have seen no case which directly holds a contrary doctrine.

*By the Court.*—The order of the circuit court overruling the demurrer to the complaint, is affirmed.