HANSON, Respondent, vs. McCARTHY, Appellant.

*January 8—January 28, 1913.*

*Husband and wife: Ante-nuptial deed in fraud of marital rights.*

If a man, on the eve of his marriage, without the knowledge of his prospective wife and with intent to deprive her of her marital rights, convey his real estate to another without consideration, equity will set aside the conveyance so far as it conflicts with the marital rights of the wife.

APPEAL from a judgment of the circuit court for St. Croix county: E. W. HELMS, Circuit Judge. *Affirmed.*

This is an action in equity by the widow of one Hilman Hanson, deceased, to set aside a deed of eighty-seven acres of land, executed by her deceased husband to the defendant, March 3, 1904, on the ground that said conveyance was executed by the deceased and received by the defendant without consideration, and with the fraudulent intent of depriving the plaintiff of acquiring any interest in said lands by her marriage with the deceased, which took place March 15, 1904.

It appeared on the trial that Hilman Hanson lived in St. Croix county for some time prior to March, 1904, near the land in question, and worked about forty acres thereof; that he had no other real estate; that he became intimate with the

plaintiff, who lived in the same neighborhood, and that the plaintiff on February 7, 1904, gave birth to a child of which Hilman was the father; that the plaintiff commenced bastardy proceedings against Hilman in the latter part of February, 1904; that the sheriff followed Hilman to St. Paul, where the defendant (who had married Hilman's sister) lived; that Hilman eluded the sheriff for a time at St. Paul, but was arrested a few days afterwards, and brought before the justice in St. Croix county, and the case adjourned for a week or ten days, at the end of which time the marriage took place.    It also appears that the land was worth $2,000; that the deed was made at some time after the bastardy proceedings were commenced, and probably before the actual arrest. The defendant claims that he gave as consideration for the land a release of an $800 indebtedness which Hilman owed him and assumed a mortgage of $250 on the land.    The defendant also claimed that he bought the land in good faith and had no knowledge that Hilman was about to be married or that he desired to deprive the plaintiff of her marital rights.

The circuit court found that the deed was made without consideration (except the assumption and subsequent payment of the $250 mortgage), that it was made with the intent on the part of Hilman to deprive the plaintiff of her marital rights therein, and that said intent was known to the defendant.    The court concluded that the deed was inoperative so far as the plaintiff's rights were concerned, and that her right of dower attached to said lands as though said conveyance had not been made.    From judgment in accordance with these conclusions the defendant appeals.

For the appellant there was a brief by *N. O. Varnum* and *A. J. Kinney,* and oral argument by *Mr. Varnum.*

For the respondent the cause was submitted on a brief signed by *McNally & Doar.*

WINSLOW, C. J.    The principle is quite well established that if a man, on the eve of his marriage, without the knowledge of his prospective wife and with intent to deprive her of her marital rights, convey his real estate to another without consideration, equity will set aside the conveyance so far as it conflicts with the marital rights of the wife.    *Dudley v. Dudley,* 76 Wis. 567, 45 N. W. 602; 21 Cyc. 1156; 3 Washb. Real Prop. (6th ed.) § 2228, p. 312.

In the present case the complaint charged that the conveyance to the defendant was made with the intent and under the conditions of fact which would bring it within the foregoing principle.    The court found the actual existence of such intent and conditions of fact, and hence the only serious question is whether the material findings are supported by the evidence.

In this behalf it is said by the appellant that there was no sufficient evidence to support either the finding of absence of consideration or the finding that the defendant knew of Hilman's fraudulent intent.

We do not regard either contention as well founded.    The defendant himself was unable to testify that he paid any consideration for the conveyance.    According to his testimony, he and Hilman came from St. Paul by train on the day of the conveyance, went at once to the courthouse of St. Croix county, had the deed drawn, and had it recorded at once. No consideration was paid at the time, no abstract was gotten, no inquiry made as to the title, no arrangement made for working the land that season, no actual possession then taken, and the defendant did not even go to see the land which he was buying.    The defendant attempts to say that his wife (now deceased) loaned money to Hilman at various times, amounting to $800 in all, and that the remission of this indebtedness constituted $800 of the expressed consideration of $1,000 named in the deed; but he admits that he had no per-

sonal knowledge of any such loans, that he never saw his wife loan Hilman any money, never saw any note or acknowledgment thereof, never heard of any interest being paid thereon, never saw any book account of the loans, and in fact that all he knows about them is what his wife told him.

Doubtless the court thought that this was an incredible story, especially in consideration of the fact that the defendant was an express messenger, whose resources consisted of a salary of $105 a month. People in limited circumstances are not apt to treat an important business transaction of this nature with such indifference. The evidence showed that the relations between Hilman and the defendant and his wife (who was Hilman's sister) were very close and confidential,—in fact it appears that they were jointly interested in a small restaurant venture in St. Paul during the winter of 1904; that Hilman was at the restaurant frequently in March; that he was there at the time the sheriff came after him with the bastardy warrant, and then told the defendant about the trouble he was in with the plaintiff. It is true that the defendant now claims that this all took place after the deed was made, and that he knew nothing of Hilman's troubles or his intention of marrying the plaintiff before the deed was made; but the very remarkable character of the transaction itself, and the almost incredible indifference manifested by the defendant to the protection of his own interests while transacting such important business as he claims this was, undoubtedly led the court to reject the defendant's version of the transaction as an invention.

The trial court evidently thought that this was one of those numerous cases where actions speak louder than words, and we are not able to say that the court was wrong in this conclusion.

*By the Court.*—Judgment affirmed.