536

15760

LANE v. LANE *ET AL.*

(34 S. E. (2d), 754)

*Messrs. Mozingo & Watts,* of Darlington, S. C., and *C. B. Ruffin,* of Bishopville, S. C., Counsel for Appellant,

*Messrs. Royall* and *Wright,* of Florence, S. C., Counsel for Respondent.

July 30, 1945.

BAKER, Chief Justice: This is an appeal from the granting of a general order of reference based on the pleadings. Contained in the order of reference is the following statement:

"There is also pending in this cause a motion on the part of the defendants for an order framing an issue on one of

the questions arising under the pleadings. It is my understanding that this motion is abandoned."

The complaint of the plaintiff-respondent alleges that on August 25, 1940, she was lawfully married to one Leneston Lane, who departed this life on June 14, 1942, leaving respondent as his lawful widow; that during the life of the said Leneston Lane and his coverture with respondent he was seized in fee and possessed of various tracts of land described in the complaint, situate in the Counties of Darlington, Florence and Lee; that prior to his marriage to respondent, Leneston Lane held out to her that he was the owner of the property described, and that it was upon this representation, as well as other considerations, that she entered into the marriage contract with him; that subsequent to the marriage of respondent to Leneston Lane, there was recorded in the office of the Clerk of Court for Lee County on December 28, 1940, deeds purporting to have been executed by him on July 15, 1940, wherein and whereby he conveyed his Lee County property to the appellants herein except A. L. Lane, Rufus Lane and Mrs. Viola L. Smith; and on February 10, 1941, there was recorded in the office of the Clerk of Court for Florence County a deed purporting to have been executed on July 15, 1940, conveying his Florence County property to the appellants, A. L. Lane and Rufus Lane; that each of the purported deeds were voluntary and founded on only natural love and affection as a consideration therefor; and that each of the said purported deeds contained the following provision, to wit: "Provided, however, I shall have, use and enjoy the rents, issues and profits of the above described tract of land for and during the term of my whole life, and provided further that this deed shall only become operative when delivered by my executor or administrator after my death."; that by reason of the provision contained in said deeds the same are null and void in that an estate in fee was limited to take effect in the future, and in any event said deeds were by the very terms thereof ineffective until delivery after the death of the

said Leneston Lane; that respondent had no notice or knowledge of the existence of said deeds until after the death of the said Leneston Lane, and had no constructive notice of the existence of said deeds until the time of the recording of same; that the deeds, although purporting to have been executed on July 15, 1940, were in fact not executed until some time after the marriage of respondent to Leneston Lane. Respondent then proceeds with a contradictory allegation in her complaint that said deeds were made by the said Leneston Lane in contemplation of his marriage to respondent, and that the said Leneston Lane and his children, the grantees therein and appellants in this action, combined secretly to defeat the dower rights of respondent from attaching to the property by keeping same from the public records until several months after the marriage contract had been consummated, during which time the said Leneston Lane misrepresented to respondent that he was the absolute owner of the real estate described in said deeds; all of which is alleged to constitute a legal fraud upon the rights acquired by respondent under her marriage with the said Leneston Lane. Respondent alleges that for the foregoing reasons so far as her rights to dower in said lands are concerned, the deeds are ineffectual, null and void, and that she is entitled to dower or thirds out of all of the real estate described in the complaint.

The respondent then further alleges that the appellants are the owners as devisees under the last will and testament of Leneston Lane of the property described in the complaint; that they are in possession of said premises; and that they are parties to this suit for that reason, as well as for the reason that they are grantees in the deeds hereinabove described. (The appellant, Mrs. Viola L. Smith, does not appear as a grantee in any of the conveyances mentioned in the complaint, and there is no explanation of her being made a party to the suit unless she was included in the will referred to in the complaint in the incidental manner stated above.)

The prayer of the complaint is that the deeds herein-above referred to be declared null, void and ineffectual as to respondent's dower rights, and that a writ of admeasurement issue, and that her dower be set apart to her in the real estate described in the complaint, together with the rents and profits thereon from the date of the death of Leneston Lane, or interest from said date should a sum of money be assessed to be paid her in lieu of her dower.

The answer of the appellants, for a first defense, denies all allegations of the complaint not specifically admitted. They admit the marriage between the respondent and Leneston Lane, and that during the life of said Leneston Lane and his coverture with respondent he was seized in fee and possessed of certain real estate in Darlington County; they also admit the recordation of the deeds for the real estate in Lee and Florence Counties as set out hereinabove; and further that the deeds were voluntary and founded on only natural love and affection as a consideration therefor and contained the provision hereinabove set out.

For a second defense, the appellants allege that the respondent without just cause or complaint abandoned her husband (Leneston Lane) and continued to live separate and apart from him, thereby forfeiting and relinquishing all rights and claims of a widow upon the husband and to his estate.

For a third defense, they allege that for valuable consideration, duly received by respondent, she signed a written instrument which was intended for and was to serve the purpose of nullifying respondent's marriage to said Leneston Lane and releasing him from all obligations to her and all interest in any property he owned, and by reason thereof plaintiff (respondent) is estopped to make any claim whatever to any property owned by the said Leneston Lane.

For a fourth defense, the appellants allege that the respondent, by her conduct, has forfeited all right and claim

to dower and by her said acts is estopped in asserting any claim in any property of the late Leneston Lane.

It was upon the foregoing pleadings that a general order of reference was granted.

The sole question involved on this appeal, as stated by appellants, is: "Was there error in holding that this action is of an equitable nature and not an action at law for the recovery of specific real property and triable before a jury?"

It is agreed in the Transcript of Record that: "This action * * * was brought to admeasure an alleged dower right of plaintiff (respondent) to the property described in the Complaint."

The appellants in their printed brief state:

"This appeal does not involve a construction of the provisions and conditions of the deeds or whether the provisions in the deeds to the effect that the same should become operative after the death of Lane when delivered by his executor or administrator conveyed a present interest or any interest. In fact, the order of the special trial Judge which followed the issues involved, and argument of counsel, in effect holds that the deeds were effective when delivered, whenever that was (which was the theory upon which the complaint was brought). * * *

"Although as above stated, the legal effect of the language of these deeds is not involved, in passing, the Court's attention is called to the rule that a deed is effective immediately upon execution and delivery, the delivery being composed of two concurrent parts (1) an intention to deliver and (2) an act evincing a purpose to part with the control of the instrument, *Cardigan v. Boyd,* 23 S. C. 89, 91, and that the act and fact of delivery is independent of the language used in the instrument, *Shute v. Shute,* 82 S. C. 264, 64 S. E. 145. * * *"

Appellants contend that the action is for the recovery of specific real property and therefore they are entitled to a trial by a jury, but even where the vested

right of dower in a wife is established to lands conveyed by the husband during coverture, it does not necessarily follow that the wife shall receive her dower in the land itself. See Sections 8608-8610, Code of 1942, and *Jefferies v. Allen,* 34 S. C. 189, 13 S. E. 365.

Since we are limited in the facts to the allegations ■■ contained in the pleadings, we must assume for the purpose of this appeal only that the deeds were delivered on the respective dates of their recordation; and that they were not delivered on the date of their execution. And this brings the case within the holding of this Court in *Pruitt v. Pruitt,* 57 S. C. 155, 35 S. E. 485, that an action for the admeasurement of dower in lands is a cause in equity.

Sections 1380 and 1382, Pomeroy's Equity Jurisprudence, Third Edition, read as follows:

"The right known as the wife's right of dower was purely legal, and was asserted at law through the writ of right of dower, and the writ of dower *unde nihil habet,* both of which were in the nature of real actions. As early as the reign of Queen Elizabeth, courts of equity began to assume jurisdiction over cases of dower, but only tentatively, and as ancillary to proceedings at law. This jurisdiction, originally narrow and auxiliary, has, by the course of decision, and on familiar equitable principles, been expanded to the extent of affording complete relief between the parties."

"Although it was thus, at one time, supposed that the jurisdiction of equity was ancillary, and could not attach in the absence of impediments at law, it is now well settled that courts of equity have concurrent jurisdiction in cases of legal dower, or dower in legal estates. The advantages of the equitable procedure are obvious. An outstanding term could be removed and satisfied; a partition in the case of undivided interest could be decreed, and an account could be taken; fraudulent conveyances could be canceled; and antagonistic claims to the subject-matter could be deter-

mined without multiplicity of suits. Equity will also award damages which could not be recovered at law on an application for dower. At law, if the tenant dies after judgment, and before assessment of damages, the damages are lost to the widow; and if she herself dies before such assessment of damages, her personal representatives are without recourse. In these instances, the widow, or her personal representatives, by a resort to equity, obtain adequate relief."

We are satisfied that this action is of an equitable nature, and was properly referred to the Master in Equity; and that it is not an action at law for the recovery of specific real estate and therefore necessarily triable by a jury under Section 593 (1) of the Code.

Affirmed.

Fishburne, Stukes, Taylor, and Oxner, JJ., concur.