SPENSLEY FEEDS, INC., a domestic corporation, David H. Spensley Steven C. Spensley and Jerri A. Kaus, individually and d/b/a Livingston Farm Supply, Inc., Plaintiffs-Respondents,

v.

LIVINGSTON FEED & LUMBER, INC., a domestic corporation, and Robert Graber, Defendants-Appellants. †

Court of Appeals

*No. 84–218. Submitted on briefs June 3, 1985.—Decided December 23, 1985.*
(Also reported in 381 N.W.2d 601.)

† Petition to review denied.

For the defendants-appellants the cause was submitted on the briefs of *R. R. Roggensack* and *Morse & Roggensack* of Lancaster.

For the plaintiffs-respondents the cause was submitted on the brief of *Gilbert D. Sedor* and *Sedor, McDonald & Hoag, S.C.* of Janesville.

Before Gartzke, P.J., Dykman, J., and Bruce F. Beilfuss, Reserve Judge.

GARTZKE, P. J.   Defendants Robert Graber and Livingston Feed & Lumber, Inc., appeal from a $24,600 judgment in favor of plaintiffs Spensley Feeds, Inc., David and Steven Spensley and Jerri Kaus. The judgment is on a verdict for damages arising out of defendants' breach of their contract to sell a farm supply business to the plaintiff buyers. We reverse and remand for further proceedings consistent with this opinion.

The result turns on (1) the statute of frauds appropriate to a contract to sell land, equipment and inventory; (2) the nonavailability of a jury trial when a transaction is within an exception to the statute of frauds affecting land; and (3) the remedies. We conclude that because the statute of frauds applicable to interests in land governs the transaction, all issues should have been resolved by the trial court, and only equitable relief should have been granted. Since the court submitted the issues to a jury and permitted the jury to grant damages on the contract, we hold that the court erred.

The facts necessary to our disposition are undisputed. The parties agree that the plaintiffs negotiated with Robert Graber to buy the assets of his corporation, Livingston Feed & Lumber, Inc. The company sells feed, seed, animal health supplies, fencing materials and lumber to farmers. It operates a mill and has three large concrete silos. The transaction embraced land and buildings, machinery, equipment, inventory and goodwill. Although various attempts were made to reduce their agreement to writing, a final written agreement was not signed by the parties. They do not agree on the price, but do agree that it was at least $200,000

plus cost or value of the inventory. The parties took an inventory on March 1, 1981. The next day the buyers occupied the premises and operated the business, making repairs, alterations and improvements to the property. The sellers later advertised that the business had been sold. Disputes arose between the parties and in April 1981 the buyers stopped business operations and surrendered the premises to the sellers.

A year later the buyers commenced this action. They sought specific performance of an oral sales contract and damages on their first claim and damages based on promissory estoppel on their second claim. The sellers' answer denied that the parties had reached an agreement and pleaded three statutes of fraud, secs. 401.206 , 402.201 and 706.02, Stats., as affirmative defenses.

At the close of the evidence, the buyers requested that the court submit three questions to the jury: whether the parties entered a contract to purchase land, buildings and assets from the defendant; if the parties entered such a contract, whether defendant breached it; and if defendant breached the contract, what sum would reasonably compensate the plaintiffs for their loss.

The trial court ruled that the agreement was oral, whatever its terms. In view of that ruling, the sellers contended that all remaining issues were for the court, and the proposed special verdict should therefore be abandoned. The sellers reasoned that the transaction was invalid under sec. 706.02(1), Stats., the statute of frauds involving interests in real estate; that if the transaction was enforceable under sec. 706.04 as an exception to the statute of frauds, then only equitable relief was available; and that damages on the contract

were unavailable. Consequently, all issues were for the court, not a jury. They objected to the verdict for the further reason that it did not require the jury to make findings required by sec. 706.04 on unjust enrichment or estoppel and the instructions on damages failed to relate to equitable relief.

The trial court overruled the objections and submitted the special verdict to the jury. The jury found that the parties had entered a contract, that defendants breached it and that the plaintiffs' damages for the loss on the breach of the agreement were $24,600.

The sellers moved to set aside the verdict. The trial court denied the motion. It concluded that whether a contract had been entered was a question of credibility to be determined by the jury and the award was not contrary to the evidence. The trial court held that because the evidence supported the jury's finding as to a contract, the transaction was not within the statute of frauds.

### 1. *Appropriate Statute of Frauds*

Three separate statutes of fraud possibly apply to the transaction: sec. 401.206, Stats.,[1] contracts for the

---

[1] Section 401.206, Stats., provides:

(1)    Except in the cases described in sub. (2) a contract for the sale of personal property for the price of $5,000 or more is not enforceable by way of action or defense unless there is some writing which indicates that a contract for sale has been made between the parties at a defined or stated price, reasonably identifies the subject matter, and is signed by the party against whom enforcement is sought or by his authorized agent.

(2)    Subsection (1) does not apply to contracts for the sale of goods. . . .

sale of personal property for $5,000 or more; sec. 402.201, Stats.,[2] contracts for the sale of goods for $500.00 or more; and sec. 706.02, Stats.[3] transactions involving interests in land.

---

**(3)** A contract which, but for sub. (1) would be enforceable, is enforceable:

(a) If the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under sub. (1) beyond the quantity or extent of personal property admitted; or

(b) With respect to personal property for which payment has been made and accepted or which has been received and accepted.

[2] Section 402.201, Stats, provides in part:

**(1)** Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. . . .

**(3)** A contract which does not satisfy the requirements of sub. (1) but which is valid in other respects is enforceable:

. . . .

(b) If the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this paragraph beyond the quantity of goods admitted; or

(c) With respect to goods for which payment has been made and accepted or which have been received and accepted (s. 402.606).

[3] Section 706.02(1), Stats., provides in part:

Transactions under s. 706.01(1) [by which any interest in land is created, aliened, mortgaged, assigned or otherwise affected in law or in equity] shall not be valid unless evidenced by a conveyance which:

(a) Identifies the parties; and

(b) Identifies the land; and

(c) Identifies the interest conveyed, and any material term, condition, reservation, exception or contingency upon which the in-

Section 706.01(1), Stats., provides, in substance, that the statute of frauds in sec. 706.02., "govern[s] every transaction by which any interest in land" may be affected. A contract for the sale of land is a transaction governed by sec. 706.02. *Hine v. Vilter*, 88 Wis.2d 645, 649, 277 N.W.2d 772, 774 (1979).

That the contract covers both land and personalty does not take it out of the statute of frauds applicable to the sale of land. An indivisible contract for the sale of real and personal property is invalid in its entirety if the statute of frauds relating to real estate is not satisfied. *Kipp v. Laun,* 146 Wis. 591, 601–02, 131 N.W. 418, 421 (1911). This rule is followed in other jurisdictions. *See* 71 A.L.R. 479, 484 (1931).

The buyers contend that because the agreement is divisible as between land and personalty, it is not wholly within sec. 706.02, Stats., and is enforceable as to the personalty involved.

Divisibility is "a general technique by which a court can mitigate the harshness of a rule that bars a party from enforcing an agreement by apportioning the performances into corresponding pairs of part performances and then enforcing the agreement as to only one part." *Restatement (Second) of Contracts* sec. 183 comment a, at 27 (1981). Put another way, if the con-

---

terest is to arise, continue or be extinguished, limited or encumbered; and

. . . .

(e)    Is signed by or on behalf of all parties, if a lease or contract to convey; and

(f)    Is signed, or joined in by separate conveyance, by or on behalf of each spouse, if the conveyance alienates any interest of a married person in a homestead. . . .

tract is "to take the whole or none," it is indivisible. *Davies v. J.D. Wilson Co.,* 1 Wis.2d 443, 474–75, 85 N.W.2d 459, 475 (1957).

Because the buyers seek partially to enforce the contract by use of the divisibility theory, they bear the burden of proving that the contract is divisible. The burden is on the party seeking to enforce a contract to show facts which take the case out of the statute of frauds. *Hine,* 88 Wis.2d at 650, 277 N.W.2d at 774. *Libman v. Fox-Pioneer Scrap Iron Co.,* 175 Wis. 485, 488, 185 N.W. 551, 553 (1921); *Erving Paper Mills v. Hudson-Sharp Machine Co.,* 223 F. Supp. 2d 913, 921 (E.D. Wis. 1963), *rev'd on other grounds,* 332 F.2d 674 (7th Cir. 1964).

We hold that the buyers have not sustained their burden to show divisibility. The burden to show that the contract is out of the statute includes the burden to request the necessary findings and conclusions. Whether a contract is divisible is a question of mixed fact and law. What the parties agreed to is a question of fact. Whether their agreement is divisible is a question of law. The buyers did not ask the trial court to make the factual findings necessary for a determination that the agreement is divisible, and the court did not do so.

We conclude that the appropriate statute of frauds governing the transaction is sec. 706.02, Stats. Because the trial court found that the parties' agreement was oral, the transaction was invalid. A contract to convey an interest in land must be in writing and signed by or on behalf of all parties. Sections 706.01(4) and 706.02(1)(e). The agreement is therefore unenforceable,

unless it meets the equitable alternatives set forth in sec. 706.04.

## 2. *Section 706.04 Equitable Alternative*

Section 706.04, Stats., allows enforcement in equity of an agreement which is invalid under the statute of frauds.[4] If two general requirements are met, the statute provides that the transaction "may be enforceable in whole or in part under doctrines of equity." For that reason, sec. 706.04 has been referred to as an "equitable alternative" to invalidity under the statute of frauds. *Krauza v. Mauritz,* 78 Wis.2d 276, 284, 254 N.W.2d 251, 255 (1977).

---

[4] Section 706.04, Stats., provides:

A transaction which does not satisfy one or more of the requirements of s. 706.02 may be enforceable in whole or in part under doctrines of equity, provided all of the elements of the transaction are clearly and satisfactorily proved and, in addition:

(1) The deficiency of the conveyance may be supplied by reformation in equity; or

(2) The party against whom enforcement is sought would be unjustly enriched if enforcement of the transaction were denied; or

(3) The party against whom enforcement is sought is equitably estopped from asserting the deficiency. A party may be so estopped whenever, pursuant to the transaction and in good faith reliance thereon, the party claiming estoppel has changed his position to his substantial detriment under circumstances such that the detriment so incurred may not be effectively recovered otherwise than by enforcement of the transaction, and either:

(a) The grantee has been admitted into substantial possession or use of the premises or has been permitted to retain such possession or use after termination of a prior right thereto; or

(b) The detriment so incurred was incurred with the prior knowing consent or approval of the party sought to be estopped.

The two requirements under sec. 706.04, Stats., which must be met to qualify a real estate transaction for the equitable alternative are: (1) the elements of the transaction must be clearly and satisfactorily proved, and (2) the transaction must fall within one of three exceptions. *Nelson v. Albrechtson,* 93 Wis.2d 552, 559–60, 287 N.W.2d 811, 816 (1980).

Each of the three exceptions requires application of an equitable doctrine. The first exception pertains to reformation in equity: that "[t]he deficiency of the conveyance may be supplied by reformation in equity." Section 706.04(1), Stats. The second applies the equitable doctrine of unjust enrichment: that "[t]he party against whom enforcement is sought would be unjustly enriched if enforcement of the transaction were denied." Section 706.04(2). The third is equitable estoppel: that "[t]he party against whom enforcement is sought is equitably estopped from asserting the deficiency." Section 706.04(3).

Although the distinctions between actions at law and suits in equity have long been abolished, the differences between legal and equitable remedies continue. *Miller v. Joannes,* 262 Wis. 425, 428, 55 N.W.2d 375, 376 (1952). The right to trial by jury under Wis. Const. art. 1, sec. 5, does not extend to "equity cases, in which the party has never been held entitled to a jury trial as a matter of right." *Stilwell v. Kellogg,* 14 Wis. 499 [*461], 503 [*464] (1861).

"In all equitable actions the case must be tried by the court, and, before judgment can be entered, the court must find that all the facts necessary to entitle the plaintiff to a judgment have been established by the evidence." *Stahl v. Gotzenberger,* 45 Wis. 121, 123 (1878), *quoted with approval in Dombrowski v. Toma-*

*sino,* 27 Wis.2d 378, 385, 134 N.W.2d 420, 424 (1965). The trial court made no findings or conclusions regarding any of the equitable exceptions in sec. 706.04(1)–(3), Stats.

The trial court in an action in equity may, of course, on the motion of a party or its own motion, submit questions of fact to an advisory jury. *Jolin v. Oster,* 55 Wis.2d 199, 205, 198 N.W.2d 639, 642 (1972); sec. 805.02(1), Stats. Nothing in the record indicates that the trial court considered the verdict as advisory. Nor did the verdict determine which, if any, of the equitable exceptions in sec. 706.04, Stats., is applicable. For those reasons, the error was prejudicial.

### 3. *Equitable Remedies*

The sellers contend that the trial court erred for the additional reason that the court allowed the jury to award damages for breach of contract, a remedy at law. Sellers rely on the provision in sec. 706.04, Stats., that if the requirements of the section are met, a transaction otherwise invalid under sec. 706.02 "may be enforceable in whole or in part under doctrines of equity."

The authorities generally agree that damages for breach of contract are unavailable when the agreement fails to satisfy the statute of frauds. According to *Restatement (Second) of Contracts* sec. 346 comment a, at 110 (1981):

In the exceptional situation of a contract for transfer of an interest in land that is unenforceable under the Statute of Frauds, action in reliance makes the contract enforceable by specific performance even though

it gives rise to no claim for damages for breach. See Comment c to sec. 129.[5]

Professor Corbin agrees:

> It must be remembered that the remedy in damages is not available at all to the plaintiff [on an oral contract within the statute of frauds]. The oral contract is not enforceable in a common law action for damages. The only compensatory remedy available to the plaintiff is the restitutionary one for the payment of reasonable value of the performance received by the defendant. Damages for breach are measured by the value of the performance promised by the defendant; this remedy is prevented by the statute in all cases. . . . Nothing in this paragraph is meant to indicate that a court of equity cannot award damages in lieu of specific performance when the plaintiff is entitled to the latter remedy but the court is unable to enforce it.

2 *Corbin on Contracts* sec. 427, at 468 (1950).[6]

---

[5] *Restatement (Second) of Contracts* sec. 129, at 321, provides:

A contract for the transfer of an interest in land may be specifically enforced notwithstanding failure to comply with the Statute of Frauds if it is established that the party seeking enforcement, in reasonable reliance on the contract and on the continuing assent of the party against whom enforcement is sought, has so changed his position that injustice can be avoided only by specific enforcement.

Comment c to sec. 129 states in part that the rule "is limited to equitable relief, and does not make available an ordinary action for damages for breach of contract."

[6] For criticism of the rule disallowing damages for breach of an oral contract taken out of the statute of frauds by part performance, *see Contracts — Statute of Frauds: Part Performance as Basis for Money Damages — Miller v. McCamish, 78 Wash.2d 821, 479 P.2d 919 (1971),* 47 Wash. L. Rev. 524 (1972).

Wisconsin case law agrees that the court may award damages in lieu of specific performance under the circumstances Professor Corbin describes. In *Kelly v. Sullivan,* 252 Wis. 52, 30 N.W.2d 209 (1947), a purchaser sought specific performance of a contract within the statute of frauds. Part performance took the contract out of the statute. The *Kelly* court held that damages in lieu of specific performance were properly awarded because title to the real estate had passed to third persons who did not know of the existing agreement. *Id.* at 60, 30 N.W.2d at 213.[7]

The trial court made no finding that specific performance was inappropriate, probably because the buyers abandoned their claim for specific performance. Consequently, the court erred both when it allowed damages for breach of contract and when it submitted the issue to the jury.[8]

---

[7] *Clay v. Bradley,* 74 Wis.2d 153, 246 N.W.2d 142 (1976), affirmed a verdict for damages for breach of contract to sell land. The transaction was taken out of the statute of frauds by part performance. The opinion does not discuss the propriety of a jury trial and of the award of damages in lieu of specific performance. The briefs failed to raise the jury issue. According to the appellant's brief, the trial court concluded that equitable relief was inappropriate.

[8] The buyers' argument, based on *Hoffman v. Red Owl Stores, Inc.,* 26 Wis.2d 683, 133 N.W.2d 267 (1965), that the damages found by the jury can be justified under the promissory estoppel theory requires little discussion. This case was not submitted to the jury on a promissory estoppel theory, even though it was pleaded in the complaint. The jury received no instructions on and made no findings relevant to that theory.

Moreover, the promissory estoppel theory applies only when no contract exists, oral or otherwise, or the contract fails to address the essential elements of the parties' total business relationship.

We reverse the judgment and remand the case to the trial court for appropriate findings and conclusions under sec. 706.04, Stats., on this record. The court should determine whether the elements of the transaction have been clearly and satisfactorily proved and whether it falls within any of the three exceptions in sec. 706.04(1)–(3). If the elements are proved and an exception is applicable, then the trial court should make appropriate findings and conclusions regarding enforcement in whole or in part under equitable doctrines.

*By the Court.*—Judgment reversed and cause remanded with directions.

*Kramer v. Alpine Valley Resort,* 108 Wis.2d 417, 425, 321 N.W.2d 293, 297 (1982). The trial court made no findings or conclusions regarding those conditions for application of the rule.