IN RE the MARRIAGE OF:

Ron ZABEL, Joint-Petitioner-Respondent,

Leslie M. ZABEL, Joint-Petitioner-Third Party Plaintiff-Respondent.

v.

Vivian V. ZABEL, Third Party Defendant-Appellant.

Court of Appeals

*No. 96–3092. Oral argument April 9, 1997.—Decided April 22, 1997.*

(Also reported in 565 N.W.2d 240.)

For the third-party-defendant-appellant the cause was submitted on the briefs of and orally argued by *Stephen D. Willett* of *Willett & Klein S.C.* of Phillips.

For the joint-petitioner-third-party plaintiff-respondent the cause was submitted on the brief of and orally argued by *Steven M. Lucareli* of Eagle River.

Before Cane, P.J., LaRocque and Myse, JJ.

LA ROCQUE, J.  Vivian V. Zabel appeals a family court order denying her motion to dismiss a third-party complaint joining her as a defendant in her son's divorce action. Vivian asserts that ch. 767, STATS., relating to "actions affecting the family" does not permit third-party actions. Because the circuit court has

the authority to join third parties for certain equitable claims where joinder is necessary to a just and complete adjudication of the cause, we affirm.

Ron and Leslie Zabel filed a joint petition for divorce in Vilas County, Wisconsin. Thereafter, Leslie filed a third-party complaint naming Vivian, Ron's mother, as third-party defendant. Leslie alleged that certain real property located in Vilas County and titled in Vivian's name was marital property and therefore subject to division as part of the divorce. Leslie alleged that Ron used marital assets to purchase the property, to pay for the materials to build and maintain a home on the property, and to pay the taxes on the property. Leslie alleged that the property was titled in Vivian's name to avoid division in the event of a divorce between Ron and Leslie.

Leslie sought (1) to enjoin Vivian from disposing of the proceeds of a pending sale of the property, (2) to rescind the deed as a "sham transaction," and (3) a "fair and equitable" share of the property's value. In the event the trial court were to find the property not to be a marital asset, Leslie also sought compensation for her contribution in the form of labor to build the house.[1] If the home in question is ultimately found to be a marital asset, it would undisputedly constitute the principal asset of the marriage. Vivian moved for dismissal. The trial court denied her motion, and we granted Vivian's petition for leave to appeal.[2]

---

[1] Although we affirm the order allowing third-party joinder, Leslie cannot maintain a third-party action against Vivian for compensation if the trial court finds the property is not part of the marital estate.

[2] A party may petition the court of appeals for leave to appeal a judgment or order not appealable as a matter of right

This case involves the interpretation of various sections of ch. 767, STATS., actions affecting the family. The interpretation of statutes is a question of law we review without deference to the trial court. *State ex rel. Newspapers, Inc. v. Showers*, 135 Wis. 2d 77, 85, 398 N.W.2d 154, 158 (1987). Jurisdiction in divorce cases is purely statutory, and the authority of a court in such a case is confined to those express and incidental powers conferred by statute. *Haeuser v. Haeuser*, 200 Wis. 2d 750, 758, 548 N.W.2d 535, 539 (Ct. App. 1996).

Vivian first claims that dismissal is required because the only proper remedy for the transfer of marital assets to a third party is an unequal property division under §§ 767.275 and 767.255, STATS., or an independent action. We first note that squandering of the assets of the marriage or intentional or neglectful destruction of marital property may be considered by a court in its decision to divide marital property pursuant to § 767.255. *Anstutz v. Anstutz*, 112 Wis. 2d 10, 12–13, 331 N.W.2d 844, 846 (Ct. App. 1983).[3] In

---

pursuant to § 808.03(2), STATS. We will grant such a petition if the appeal will:

(a) Materially advance the termination of the litigation or clarify further proceedings in the litigation;

(b) Protect the petitioner from substantial or irreparable injury; or

(c) Clarify an issue of general importance in the administration of justice.

[3] Section 767.275, STATS., provides that any marital asset with a fair market value of $500 or more that is "transferred for inadequate consideration, wasted, given away or otherwise unaccounted for" within one year of the commencement of the divorce proceeding is rebuttably presumed to be part of the

*Anstutz* this court held that such conduct is relevant to the parties' contributions to the marriage under § 767.255(3). *Id.* We conclude that is not the only remedy, however.

Wisconsin courts have consistently recognized that a court in a divorce proceeding has *additional* powers to hear equitable claims against third persons that affect the rights of the parties to the divorce. In *Caldwell v. Caldwell*, 5 Wis. 2d 146, 92 N.W.2d 356 (1958), the wife sought to join her stepson claiming that her husband transferred to his son certain valuable securities in an attempt to evade the property division. Our supreme court held:

> [W]here the husband has made a substantial gift or transfer, without consideration, of a substantial portion of his property to a third person in order to avoid payment of alimony or support money which might be ordered against him in a pending or expected divorce suit, the transfer is voidable as a fraud on the wife. Obviously the same rule applies where the purpose of the transfer is to escape or minimize the division of property in favor of the wife in case of divorce. Where such a transfer has been made, the court has power in the divorce action to make the transferee a party and to cancel the trans-

marital estate and must be considered in the property division under § 767.255. We do not read § 767.275 to prevent a court from including in its property division assets transferred or otherwise disposed of more than one year from the commencement of the divorce proceeding. The one-year period described in § 767.275 merely imposes a rebuttable presumption, shifting the burden of proof to the spouse attempting to exclude the asset as marital property. If the transfer occurred beyond the one-year period, we assume the burden remains on the spouse attempting to include the asset.

fer, at least to the extent to protect the rights of the wife and minor child. *Damon v. Damon*, 28 Wis. 510, 515; *Way v. Way*, 67 Wis. 662, 666, 31 N. W. 15; *Hanson v. McCarthy*, 152 Wis. 131, 133, 139 N. W. 720.

*Id.* at 158, 92 N.W.2d at 362 (citations omitted). The court also cited the Uniform Fraudulent Transfer Act, and found that the wife was a "creditor" within the meaning of the Act and that therefore the court could properly set aside the transfer pursuant to the remedies described in the Act. *Id.* at 158–59, 92 N.W.2d at 362–63.

Vivian argues that the current no-fault divorce code, effective July 1979, renders *Caldwell* and its progeny are inapplicable. We disagree. Our supreme court cited *Caldwell* with approval as recently as 1988. *Poindexter v. Poindexter*, 142 Wis. 2d 517, 538 n. 3, 419 N.W.2d 223, 231 n. 3 (1988), stated:

> Our decision today does not preclude the circuit court from considering on remand whether Dr. Poindexter intended to defraud his former spouse by such transfers. A circuit court has the power to make the transferee a party to cancel the fraudulent transfer to the extent necessary to protect the rights of the former spouse. *See Caldwell v. Caldwell*, 5 Wis. 2d 146, 92 N.W.2d 356 (1958); sec. 242.07, Stats.

This court is bound by the decisions of the Wisconsin Supreme Court. *State v. Clark*, 179 Wis. 2d 484, 493, 507 N.W.2d 172, 175 (Ct. App. 1993).

Third-party joinder in divorce actions in certain circumstances is consistent with § 767.01(1), STATS., which describes the circuit court's subject matter jurisdiction:

The circuit courts have jurisdiction of all actions affecting the family and have authority to do all acts and things necessary and proper in such actions and to carry their orders and judgments into execution as prescribed in this chapter. All actions affecting the family shall be commenced and conducted and the orders and judgments enforced according to these statutes in respect to actions in circuit court, as far as applicable, except as provided in this chapter.

From earliest times, Wisconsin has allowed third-party joinder to impose an equitable remedy. *See Damon v. Damon*, 28 Wis. 510 (1871). *Damon* noted that in an equitable action to set aside a fraudulent transfer of marital property the claim is ancillary to, or incidental of, an action for divorce and not a separate suit. *Id*. at 514. In that case the wife alleged that her husband defrauded her of certain assets and sought to join a third party for the purpose of recovering them. The court held:

It is urged that the power of the court in these cases is limited; that it cannot exercise full equity powers, but only such as are conferred by the statute; and, inasmuch as the statute does not expressly provide that third parties may be made defendants in divorce suits, that therefore no person can be made a defendant in those actions other than a party to the marriage contract. We do not so understand the statute. We think that when the court is empowered to award alimony to the wife out of the husband's estate . . . and to divide and distribute the whole estate between the parties — that *the power to bring before it as a party defendant in the same action any person who is attempting fraudulently to keep the estate over which the court has such absolute con-*

342

*trol, away from the jurisdiction of the court and out
of the reach of its judgment, must necessarily follow.*

*Id.* at 515–16 (emphasis added). The statutory language examined in *Damon* is similar to § 767.01(1),
STATS., in that both provide that procedural rules governing other civil actions are to govern divorce cases
except where explicitly excepted.[4]

■

We conclude that joinder of Vivian as a defendant
would be proper under § 803.03(1)(a), STATS., joinder of
persons needed for just and complete adjudication,
because in Vivian's absence a complete adjudication of
the parties' marital property rights cannot be accomplished.[5] *See* Wm. David Taylor III, *Third-Party
Practice in Divorce Cases*, 26 Fam. L.Q. 5 (1992). A

---

[4] Chapter 111, § 15 of the 1871 Wisconsin statutes stated in
full as follows:

> Actions to annul or affirm a marriage, or for a divorce, and all other
> matters coming within the purview of this chapter, not otherwise
> specially prescribed, shall be conducted in the same manner as
> other actions in courts; and the court shall have power to award
> issue, to adjudge costs, and to enforce its judgments, as in other
> cases.

[5] Section 803.03(1), STATS., states as follows:

PERSONS TO BE JOINED IF FEASIBLE. A person who is subject to service
of process shall be joined as a party in the action if:

(a)  In the person's absence complete relief cannot be accorded
among those already parties; or

(b)  The person claims an interest relating to the subject of the
action and is so situated that the disposition of the action in the
person's absence may:

1.  As a practical matter impair or impede the person's ability to
protect that interest; or

2 .  Leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent
obligations by reason of his or her claimed interest.

majority of states permit joinder of third persons when "the family court cannot fulfill its duty to distribute marital property equitably if prevented from determining the extent of that property by the absence of third parties claiming an interest in it." *Id.* at 6. Joinder was usually accomplished through the state's civil procedure rules governing joinder. *Id.* The article claims that twenty-five states, including Wisconsin, allow third-party joinder. *Id.* at 6 n.8; *see also* Frank D. Wagner, Annotation, *Propriety of Consideration of, and Disposition as to, Third Persons' Property Claims in Divorce*, 63 A.L.R.3d 373 (1975 & Supp. 1996).

In this case, Vivian raised the issue whether it was necessary to join her as a third-party defendant to the circuit court. The trial court considered the issue and ruled she was a necessary party because of the limited marital estate were the home not included. The parties agree that the home, valued in excess of $100,000, constitutes almost all of the property at issue in the divorce. Because the trial court made no express finding that the disputed asset is marital property, the parties remain free to litigate that question.

Finally, Vivian argues that use of a family court action would deprive her of her right to a jury trial. We disagree. The right to a jury trial under article I, § 5 of the Wisconsin Constitution "does not extend to 'equity cases, in which the party has never been held entitled to a jury trial as a matter of right.'" *Spensley Feeds v. Livingston Feed & Lumber,* 128 Wis. 2d 279, 288, 381 N.W.2d 601, 605 (Ct. App. 1985) (quoting *Stilwell v. Kellogg,* 14 Wis. 499, [*461], 503, [*464] (1861)). There is no right to a jury trial in a divorce action. Section 767.12(1), Stats.

Leslie requests (1) an order enjoining Vivian from disposing of the proceeds of any sale of the disputed

property, (2) an order setting aside the deed and declaring the deed "illegal as a sham transaction," (3) a "fair and equitable share of the value" of the property. In the alternative, she seeks a "fair payment in equity" for her labor toward the home's construction. The first two requests involve injunctive and declaratory relief, which are equitable in nature. *See Barbian v. Lindner Bros. Trucking Co.*, 106 Wis. 2d 291, 301, 316 N.W.2d 371, 377 (1982); *Morris v. Ellis*, 221 Wis. 307, 315, 266 N.W. 921, 924 (1936). Rescission is merely one form of restitution, an equitable claim. *State v. Dugan*, 193 Wis. 2d 610, 621, 534 N.W.2d 897, 901 (Ct. App. 1995) (restitution is an equitable concept). Leslie's request for a fair share of the value of the property presumably seeks to impose a construction trust on the property, also a matter of equity.

Wisconsin courts continue to recognize the difference between legal and equitable remedies in determining whether there is a constitutional right to a jury trial. *Spensley Feeds*, 128 Wis. 2d at 288, 381 N.W.2d at 605. When equitable relief is requested, there is no constitutional right to a jury trial.[6] *Id.* We conclude that the claims contained and relief requested in the third-party complaint are equitable in nature. We therefore conclude that Vivian has no right to a jury trial in the instant action.

---

[6] Other jurisdictions have determined that a debtor is not entitled to a jury trial in an action filed by a creditor alleging fraudulent transfer and seeking rescission of the transfer. *See Keville v. McKeever*, 675 N.E.2d 417, 424 (Mass. App. Ct. 1997); *Allen v. Meinig*, 819 P.2d 744, 745 (Or. App. Ct. 1991); *Hudson v. Maher*, 222 N.W.2d 47, 49 (Mich. Ct. App. 1974); *Lane v. Lane.*, 34 S.E.2d 754, 756 (S.C. 1945).

Vivian asserts that *Gardner v. Gardner*, 175 Wis. 2d 420, 499 N.W.2d 266 (Ct. App. 1993), and *Stuart v. Stuart*, 140 Wis. 2d 455, 410 N.W.2d 632 (Ct. App. 1987), require that the third-party complaint be dismissed. We disagree. Neither case involved third-party joinder, and we do not consider those cases relevant to the instant controversy.

Finally, we note that Leslie's alternative claim for relief against Vivian, in the event the property at issue is not marital property, is not subject to adjudication as part of the divorce action.

*By the Court.*—Order affirmed.